## PEOPLE v. SHIELDS.

(Supreme Court, Appellate Division, Third Department.   January 4, 1911.)

1. ANIMALS (§ 36*)—CONTAGIOUS DISEASES —REGULATIONS — PENALTY — DEFENSE.

In a prosecution of the owner of a dog for allowing it to be at large without a muzzle after the issue of a notice by the Commissioner of Agriculture under Laws 1909, c. 9 (Consol. Laws, c. 1) § 91, authorizing a notice to owners to keep their dogs safe when an infectious disease is prevalent, it was no defense that such dog was unmuzzled by his wife for feeding, and his children afterwards permitted it to escape.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 36.*]

2. ANIMALS (§ 68*)—INJURIES BY DOGS—KNOWLEDGE OF OWNER—REGULATIONS AND DEFENSES.

At common law where a person keeps a vicious dog known to the person to be vicious, and the dog injures another, the fact that his wife unmuzzled it in order to feed it, and his children then permitted it to escape from the house and run at large, would be no defense to an action for damages by the person so injured.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 225, 226; Dec. Dig. § 68.*]

3. ANIMALS (§ 68*)—PERSONAL INJURIES—VICIOUS ANIMALS—DUTY OF OWNER —REGULATIONS AND DEFENSES.

It is the duty of an owner of a vicious animal, who has knowledge of its propensities, to keep it secure at his peril, and he is not relieved from such duty by the wrongful act of his servants or agents.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 225, 226; Dec. Dig. § 68.*]

Houghton and Sewell, JJ., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Madison County.

Action by the People of the State of New York to recover a penalty for violating an order of the Commissioner of Agriculture against John .Shields. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

John A. Johnson, for the People.

Carlos J. Coleman, for respondent.

COCHRANE, J. This is an action to recover a penalty for violating an order of the Commissioner of Agriculture.

Section 91 of the agricultural law, constituting chapter 1 of the consolidated laws (Laws 1909, c. 9), specifies that, when any infectious or contagious disease affecting domestic animals shall exist, the commissioner "shall issue and publish a notice, stating that a specified infectious or contagious disease exists in the state or in any designated county or other geographical district of the state, and warning all persons. to seclude in the premises where they may be at the time, all animals within the state or within such county or district or an adjoining county or district, that are of a kind susceptible to contract such disease, and ordering all persons to take such precaution against the spreading of the disease, as the nature thereof may in his judgment render necessary or expedient, and which he may specify in such notice." Pursuant to said statute, the commissioner duly published a notice declaring that an infectious or contagious disease known as rabies existed in the towns of Madison and Eaton, in Madison county, and ordering all persons within said towns who owned or harbored dogs to "so seclude, confine or muzzle such dogs as to make it impossible for such dogs to bite or inoculate other animals or persons." It is admitted that said notice was duly published, and that the defendant who lived within the said town of Madison had actual notice thereof, and it is not questioned that the order requiring the seclusion, confinement, or muzzling of dogs was within the power of the commissioner to make.

Section 97 of the agricultural law provides in part as follows:

"Any person violating, disobeying or disregarding the term of any notice, order or regulation issued or prescribed by the commissioner under this article shall forfeit to the people of the state the sum of not less than fifty dollars nor more than one hundred dollars for every such violation."

It is also undisputed that the defendant was the owner of a dog, and that, in violation of the said order of the commissioner, the said dog was running at large and unmuzzled, and while so running at large was killed by an officer charged with the duty of enforcing the quarantine which the commissioner had established.

The defense is that the defendant had properly muzzled the dog, and that his wife, contrary to his instructions, had removed the muzzle for the purpose of feeding the animal, and that his children had then permitted it to escape from the house, and thus run at large. These facts in my opinion are insufficient to constitute a defense. The order of the commissioner which is conceded to have been within his statutory power was intended to place upon the defendant the responsibility of

so guarding his dog that it would be impossible for it to bite or inoculate animals or persons. It is provided in section 7 of the act that the intent is immaterial in any prosecution for a violation of its provisions. To relieve the defendant from responsibility because of the acts or omissions of members of his household would permit an easy method of evading the statute and the order of the commissioner. The disease of rabies in dogs is one of the most virulent and dangerous known, and it is not unreasonable that the owner of a dog within the quarantined district should be held to be responsible for the acts of those under his control rather than that the public should be placed at the mercy of an irresponsible ownership of the animals affected or likely to be affected with the disease. No unusual hardship is placed upon the owner of a dog by the establishment of such a rule. Even at common law, if this had been a vicious dog to the knowledge of the defendant, and had injured any person, the facts urged as a defense to this action would not constitute a defense in an action for damages by the person so injured. The gravamen of such an action is the harboring of a vicious animal with knowledge of its propensities, and it is made the duty of an owner to keep it secure at his peril, and he is not relieved from such duty by the wrongful acts of his servants or agents. Muller v. McKesson, 73 N. Y. 195, 29 Am. Rep. 123; Molloy v. Starin, 191 N. Y. 21, 25, 28, 83 N. E. 588, 16 L. R. A. (N. S.) 445. The foregoing illustration serves to demonstrate that the duty of keeping the dog in question confined or muzzled was not an unreasonable or unusual burden placed upon the defendant, and that it is not unreasonable or unduly burdensome that the defense herein should fail. Particularly is this true in view of the humane purpose of the statute and the beneficent object it was designed to accomplish, viz., the safety of the community and the protection of human life. We need not now determine what acts or circumstances beyond the control of the defendant might excuse him from a compliance with the order of the commissioner. It is quite clear that he should not be excused by reason of the facts alleged as a defense herein.

It is further urged by the appellant that, assuming there was a question for the jury, the case was submitted to them on an improper theory. For the reasons above stated, it is unnecessary to consider this question.

The judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event. All concur, except HOUGHTON and SEWELL, JJ., who dissent.

HOUGHTON, J. (dissenting). I do not think the same rule applies in this case as in the selling of milk below standard, adulterated feeds or fertilizers, for example. The law does not prohibit a man from keeping a dog. If rabies are prevalent in the neighborhood, the Commissioner of Agriculture is empowered to command persons who harbor or own dogs to so seclude, confine, or muzzle them as to make it impossible for them to bite or inoculate other animals or persons. I do not think a person who honestly endeavors to obey such command, and does in fact obey it by muzzling his dog, is liable for a penalty if some mischance befalls, and the dog becomes unmuzzled without any

fault of his own. The owner of a muzzled dog must feed him or be-prosecuted by the society for the prevention of cruelty to animals. In order to feed him, the muzzle must be taken off. If the dog should escape unmuzzled during the exercise of reasonable precautions to prevent it, to my mind it would be going altogether too far to say that the owner was liable for a penalty. If a dog were shut in a room with a window which every reasonable man would suppose to be secure, and should jump through, carrying the sash with him, and be at large un-muzzled, or if some one unknown to the owner and against his command should unlock the door and let him out, would that be such a violation of the statute as to render him liable for the penalty? It would if reasonable effort to comply with the notice forms no element of his liability.

In the present case concededly the dog was muzzled and in the house. The muzzle was taken off to feed him. Without any fault of the owner, his young children accidentally let him out of the house without his muzzle. His children were not his agents or servants in any such sense that he is responsible for what they did. The dog was not ferocious, and at least did not display any symptoms of rabies, and the rule with respect to the harboring of wild animals which by nature are ferocious and presumably will do harm does not apply.

I think the learned trial court correctly instructed the jury that the defendant was not responsible if he muzzled the dog, and did what a reasonably prudent man would do to keep him muzzled. There was a fair question of fact for the jury whether this was done, and I think the judgment should be affirmed.

SEWELL, J., concurs.

