Granniss *v.* Weber.

WILLIAM E. GRANNISS *vs.* PETER WEBER ET AL.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The jury might reasonably have found that as the plaintiff was driving his automobile in the vicinity of defendants' premises, a dog, owned by their minor son, ran, barking, into the highway, and, having proceeded from the rear along the left side of the car, suddenly and unexpectedly jumped in front of it thus coming in contact with its right front wheel; and that in consequence, the car was caused to turn sharply to the right and into the gutter where it overturned. *Held:*

1. That the plaintiff's recovery was justified by the provisions of §3404 of the General Statutes that "when any dog shall do any damage, either to the body or property of any person, the owner or keeper, or, if the owner or keeper be a minor, the parent or guardian of such minor, shall be liable for such damage, except where such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort."

2. That the principal purpose of the statute was to abrogate the common-law doctrine of *scienter* and to extend the liability of the owner or keeper in accordance with the principle that where one of two innocent persons must suffer loss from an act done, it is just that it should fall upon him who caused it.

3. That the "trespasses or other torts," contemplated by the statute, were those committed upon the person or property of the owner or keeper or of his family, and other torts of a like character, and which the dog, with his characteristic loyalty, would instinctively defend and protect, as well as those directed against the dog itself which would be likely to excite it to the use of its natural weapons of defense.

4. That mere negligence on the part of the plaintiff in the operation of his automobile would not constitute a "trespass or other tort" within the meaning of the statute.

5. That the statute must be construed as it was enacted without reference to whether it would or could have been improved by the inclusion of other provisions; and that there was no such unreason in its application to the present case as would justify this court in creating an exception by judicial implication.

Argued January 24th—decided May 4th, 1928.

ACTION to recover damages for injuries to the person and property of the plaintiff, alleged to have been caused by a dog owned by the defendants' minor son, brought to the Superior Court in New Haven County and tried to the jury before *Avery, J.;* verdict and judgment for the plaintiff, and appeal by the defendants. *No error.*

*Samuel Campner,* with whom, on the brief, was *Eugene F. Farley,* for the appellants (defendants).

*Harry L. Edlin* and *John Henry Sheehan,* for the appellee (plaintiff).

HINMAN, J. All of the assignments of error—denial of motions for a directed verdict in favor of the defendants, and to set aside the verdict rendered, refusal to charge the jury as requested, and certain portions of the charge as given—converge and turn

upon the meaning and scope of §3404 of the General Statutes, under which the action was brought.

The basic facts alleged in the complaint were that while the plaintiff was driving his automobile on a highway, in the exercise of due care, a dog owned by defendants' minor son sprang in front of the car and by that act overturned it, injuring the plaintiff and damaging the automobile. The plaintiff offered evidence from which the jury might well have found that as the plaintiff, in his automobile, was approaching the premises of the defendants the dog ran out, barking, onto the street from a lot on the left-hand side of the plaintiff, ran from the plaintiff's rear up alongside of the car, suddenly and unexpectedly sprang in front of it and came in contact with the right front wheel. As the dog jumped in front of the car, the plaintiff applied his brakes and did everything possible to avoid hitting the dog, but there was not sufficient time to prevent the car from colliding with it. The colliding of the dog with the car caused the steering wheel to turn sharply to the right, and the automobile made a very sharp turn to its right into the gutter, and then turned over on its side. The defendants contend that the statute does not contemplate or cover a situation of the character presented by these facts, and so does not afford a right of recovery for damages so inflicted and sustained.

The statute reads as follows: "When any dog shall do any damage, either to the body or property of any person, the owner or keeper, or, if the owner or keeper be a minor, the parent or guardian of such minor, shall be liable for such damage, except where such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort." The provisions which are of significance in the present inquiry

have been upon our statute books since 1798. Their principal purpose and effect was to abrogate the common-law doctrine of *scienter* as applied to damage by dogs to persons and property, so that liability of the owner or keeper became no longer dependent upon his knowledge of the dog's ferocity or mischievous propensity; literally construed the statute would impose an obligation on him to pay for any and all damage the dog may do of its own volition. It "extends the liability of the owner of a dog beyond that existing at common law, but no good reason has been urged, and we know of none, why the intention of the legislature should not . . . have been what the language imports; and there is very clear evidence, derived from the state of the common law as it then stood . . . and the general policy of the State indicated by its legislation relative to dogs, that such was their intention." *Woolf* v. *Chalker* (1862) 31 Conn. 121, 127, 132. Such a statute is "only a new application of an ancient common-law principle, that where one of two innocent persons must suffer loss from an act done, it is just that it should fall on the one who caused the loss rather than upon the other who had no agency in producing it and could not by any means have avoided it." *Grissel* v. *Housatonic R. Co.*, 54 Conn. 447, 461, 9 Atl. 137.

In *Kelley* v. *Killourey* (1908) 81 Conn. 320, 70 Atl. 1031, the statute was construed as admitting of and being subject to the implied exception that one who wilfully, persistently and knowingly irritates, hurts, tortures and provokes a dog until it retaliates and bites him, cannot recover. In 1911 (Chapter 121 of the Public Acts) there was added to the statute the general exception covering cases where the damage is occasioned to a person who, at the time, is committing a trespass or other tort. In *Dorman* v. *Carlson*, 106

Conn. 200, 203, 137 Atl. 749, we have held that "the trespasses and torts which the framers of this exception had in mind were those which were committed upon the person or property of the owner or keeper, or of his family, and other torts of a like character, and which the dog, with his characteristic loyalty, would instinctively defend and protect, and those torts committed upon the dog to which we referred in *Kelley* v. *Killourey, supra,* as likely to excite a dog to the use of its natural weapons of defense."

In each of the cases above cited the plaintiff was bitten by defendant's dog, and it is not to be denied that if, in the present case, the dog had entered the plaintiff's car and bitten him, a recovery could be had under the statute; neither could it reasonably be contended that if the dog had bitten a tire of the plaintiff's automobile and thereby caused the car to be suddenly deflected from its course and upset, damage resulting to person or property likewise would be recoverable. The appellants rely upon a claimed distinction between such and similar states of fact and the situation here presented by the evidence produced by the plaintiff, sufficient to take the latter outside the scope of the statute and the hazard against which it protects.

It is urged that the meaning of the words "do any damage" is not broad enough to cover a case where, as here, it is claimed, at most, that the sudden advent of the dog into the path of the car and the resulting collision caused the damage. However, the definition of "do" includes "to bring about; to produce, as an effect or result; to effect; to inflict." Webster's New International Dictionary. The suggested distinction therefore seems to be absent.

We have recently sustained a recovery, under this statute, for injuries to a person by reason of a fall caused by a dog jumping against her—*Beckert* v.

*Doble,* 105 Conn. 88, 134 Atl. 154—and can discern no difference, in principle, between such a case and one in which a dog runs against or in front of a person causing him to trip and fall, or a fall or other injury-producing experience occasioned by its running in front of a vehicle such as a bicycle or an automobile, causing it to upset.

*Tasker* v. *Arey,* 114 Me. 551, 96 Atl. 737, was under a statute providing that "when, a dog does damage to a person or his property, his owner or keeper, and also the parent, guardian, master, or mistress of any minor who owns such dog, forfeits to the person injured the amount of the damage done, provided the said damage was not occasioned through the fault of the person injured." The court held to be sufficient to support a recovery evidence that while the plaintiff was driving his automobile along a highway, in the exercise of reasonable care, the defendant's dog suddenly jumped directly in front of the car, the left-hand front wheel of which struck the dog, causing the car to swerve across a ditch and tip over. In *Williams* v. *Brennan,* 213 Mass. 28, 99 N. E. 516, the defendant's dog ran toward the plaintiff's automobile, barking as he ran, snapped at the front wheel, but missed it, and his body and the wheel collided, causing the automobile to skid across the road. Recovery was sustained under a statute, §146 of Chapter 102 of the Revised Laws of 1902, providing that "the owner or keeper of a dog shall be liable in an action of tort to any person injured by it." In *Silverglade* v. *Von Rohr,* 107 Ohio St. 75, 140 N. E. 669, it was held that where a dog ran out on a highway in front of an automobile, causing the driver to turn out to avoid hitting it, and the dog continued in front of the automobile, and the driver, without any negligence on his part, struck the dog with the front wheel, throwing the machine out of control and caus-

ing it to run into a tree, the owner of the dog was liable under a statute which provided that "a dog that chases, worries, injures or kills a . . . person, can be killed at any time or place. . . . The owner or harborer of such dog shall be liable to a person damaged."

*Brown* v. *Moyer*, 186 Iowa, 1322, 171 N. W. 297, was decided under a statute which the court construed as limiting liability to damage done while a dog was "attacking or attempting to bite" a person. The plaintiff was knocked down by defendant's dog as it was chasing another dog, and it was held, logically, that this did not constitute an "attack or attempt to bite," within the terms of the statute. *Schraeder* v. *Koopman*, 190 Wis. 459, 209 N. W. 714, was under a statute rendering liable "the owner or keeper of any dog which shall have injured or caused the injury of any person or property." Here the dog merely attempted to cross the road ahead of the plaintiff's automobile, "evidently misjudged the speed of the car," and was run into by the plaintiff, who thereby lost control of the car. The court held that the statute imposed liability only for vicious or mischievous acts of the dog and not for innocent acts, and that the facts of the case brought it within the latter class. The conduct of the dog in the present case cannot fairly be assigned to the category of innocent acts; it was palpably voluntary and actuated by vicious or mischievous propensities, for the injurious results of either of which our statute gives redress. *Woolf* v. *Chalker, supra*.

There can be no question that the jury might fairly have found that the acts of the dog were the proximate cause of the plaintiff's damage. Liability of the defendants therefor is within the purview of the terms of the statute and is not within any exception therefrom which has been created by legislation as judicially construed, and the situation here develops no such unrea-

son in the application of the statute impelling to an implied exception as did that presented in *Kelley* v. *Killourey,* 81 Conn. 320, 70 Atl. 1031.

While it is true that the statute must have been passed originally without having in contemplation situations arising from the ways of a dog with an automobile, the propensity to indulge in such conduct as is here exemplified was familiar when the present exception was added in 1911, and yet more so when the Act of 1925 (Public Acts, Chapter 269) revising and codifying the dog laws, was passed. The conclusion seems unavoidable that if any further exception had been deemed by the legislature to be justified by that development it would have been embodied in the statute law. The presence in the Act of 1925, of a provision, §27, punishing, as a criminal offense, the possession of a dog "accustomed to go out" on the highway and "growl, snap or bite, or otherwise annoy any person or horse" lawfully using the same, has been in effect, in substance, since 1893 (Chapter 200 of the Public Acts of 1893, §6364 of the General Statutes, 1918), is not incompatible with §3404, and has not the significance claimed by the defendants as limiting the civil liability imposed by the latter section. Common sense, as well as the dearth of analogous cases in the books, indicates that instances are rare in which the usual and natural consequences of collision between an automobile and a dog are reversed and, as here, the former and its driver are injured and the latter escapes unscathed.

Whether, as is vigorously contended, a further exception should, nevertheless, be made excluding damage sustained as in the present instance from the operation of the general statutory rule is appropriately a question for legislative consideration, and action if found warranted. To engraft such an exception upon

the statute by judicial construction is inadmissible. We must construe and apply the statute as we find it, without reference to whether we think it would have been or could be improved by the inclusion of other provisions. *State ex rel. Lewis* v. *Turney,* 97 Conn. 496, 504, 117 Atl. 499; *Corbin* v. *American Industrial Bank & Trust Co.,* 95 Conn. 50, 110 Atl. 459.

Since, as above stated, the conduct of the dog was voluntary and either vicious or mischievous, instead of involuntary or innocent, the present case falls clearly within the scope of §3404 of the General Statutes. The charge of the trial court upon the subject was not inadequate or incorrect, except that, in instructing the jury, in substance, that if the plaintiff drove his automobile negligently and thereby ran into the dog, such negligence would constitute such a tort as to be within the exception of the statute and thereby bar the plaintiff from recovery. Under the construction which we have placed upon this exception in *Dorman* v. *Carlson, supra,* this instruction was too liberal to the defendants. However, as the trial court also charged, such negligence, if it were found to exist and to have been the proximate cause of the injury, would be a defense to the action.

There is no error.

In this opinion the other judges concurred.