ESTHER INGENERI *v.* PETER KLUZA ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued May 6—decided June 23, 1942.

*Joseph B. Hurwitz,* with whom was *Leon Podorowsky,* for the appellants (defendants).

*Julius B. Schatz,* with whom were *Arthur D. Weinstein* and, on the brief, *Edward Seltzer,* for the appellee (plaintiff).

ELLS, J.  The plaintiff was bitten and severely injured by a vicious dog owned by the defendants and housed, fed and kept on premises owned by the defendant wife and occupied by her jointly with the other defendant, her husband.  There was a judgment against both, from which they appealed, but the husband does not now deny that he is liable.  A novel question is presented by the following facts: The husband took the dog in his arms to a friend's house.

His wife did not go with him. During his visit he had the dog do some simple tricks. He then picked it up and, holding it in his arms, asked the plaintiff to pet it. She was somewhat afraid of the dog and refused, saying, "I don't pet strange dogs." Thereupon the defendant husband "thrust the dog at plaintiff's face" and it bit her in the mouth, tearing away a portion of the right upper lip. The sole question is whether the absent wife is liable because she was the joint owner and keeper of the dog. She claims that the injury was caused by the deliberate act of her husband, for which she is not responsible.

General Statutes, Cum. Sup. 1935, § 1380c, provides that "If any dog shall do any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage, except when such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog." If the statute is broad enough to cover such a situation as the one before us, that is all that is necessary to fix liability. It was the dog that did the damage by its bite, and the issue is whether the fact that the husband "thrust" the dog at the plaintiff in the absence of and without the knowledge of the joint owner is a valid defense. If it is, it will be because the statute does not impose liability upon a joint owner under such circumstances.

We considered the statute in the early case of *Woolf* v. *Chalker,* 31 Conn. 121. The existing statute was then (1862) the same as the present one except that it did not state any exceptions and it provided that recovery should be had in an action of trespass. We said (p. 127) that if the statute is literally construed "it imposes an obligation on the owner, &c., of every

dog, to pay for any and all damage it may do of its own volition. . . ." We reviewed the history of our statutes on this subject in *Granniss* v. *Weber*, 107 Conn. 622, 625, 141 Atl. 877, and said: "Their principal purpose and effect was to abrogate the common-law doctrine of *scienter* as applied to damage by dogs to persons and property, so that liability of the owner or keeper became no longer dependent upon his knowledge of the dog's ferocity or mischievous propensity; literally construed the statute would impose an obligation on him to pay for any and all damage the dog may do of its own volition."

The statute is drastic, and its purport is that a person who owns a dog does so at his peril. The same is true as to a keeper, so long as he remains a keeper. The facts of the present case bring it within the terms of the statute. A dog jointly owned by these defendants did "damage to . . . the body of . . . [a] person." It was a voluntary act of the dog. Had the dog been thrown by a co-owner into and against the plaintiff's face, and the force of the impact alone had caused the injury, the act would have been wholly that of the co-owner and not that of the dog. Such is not the situation here. The dog was thrust "at" or toward the face of the plaintiff, from which vantage point it snapped at and bit her.

Even under the common law, a joint owner has been held liable under similar circumstances. In *Baker* v. *Snell*, (1908) 2 K. B. 825, 2 B. R. C. 1, the owner of a dog was held liable for an attack incited by his servant. Somewhat similar cases in this country are, under the common law, *Muller* v. *McKesson*, 73 N. Y. 195, and *People* v. *Shields*, 142 App. Div. 194, 126 N. Y. S. 873, and, under a statute, *Fye* v. *Chapin*, 121 Mich. 675, 680, 80 N. W. 797. See also note, 2 B. R. C. 14; *Oakes* v. *Spaulding*, 40 Vt. 347; *McCarthy* v. *Daunis*,

117 Conn. 307, 167 Atl. 918; *Lanna v. Konen,* 119 Conn. 646, 178 Atl. 425.

We have said of the statute that it is " 'only a new application of an ancient common-law principle, that where one of two innocent persons must suffer loss from an act done, it is just that it should fall on the one who caused the loss rather than upon the other who had no agency in producing it and could not by any means have avoided it.' " *Grannis v. Weber,* supra, 625. In the instant case the wife owned and kept the dog at her peril, in so far as liability for damage committed by the voluntary act of the dog itself is concerned.

The damages awarded, $1800, were large, but we cannot say they were excessive.

There is no error.

In this opinion the other judges concurred.