HENRY A. HANSON *v.* JESSE K. CARROLL

MALTBIE, C.J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

506

Argued March 6—decided April 3, 1947

*Harry H. Lugg,* with whom, on the brief, was *Donald C. Fisk,* for the appellant (defendant).

*Bernard J. Ackerman,* for the appellee (plaintiff).

DICKENSON, J. This is a statutory action for damages for injuries suffered by the plaintiff by reason of an attack by the defendant's dog. The main defense is that the plaintiff was a trespasser on the defendant's land at the time. The defendant has appealed from judgment for the plaintiff, assigning error in the finding and judgment. The facts the defendant seeks to have added to the finding are based upon his own testimony. His credibility was a matter for the trial court to decide.

The facts may be stated as follows: The defendant was the tenant of a farm in the town of Tolland. On July 9, 1945, he had two watchdogs for the protection of his property which were tied near the west side of his house but in such a manner that a person could go to the front door and could pass along the west side of the house to the rear without coming within reach of the dogs, if he had seen them or had warning of their presence. About 12 noon on

this date the plaintiff, who had heard that the defendant had fertilizer for sale, entered the defendant's yard for the purpose of purchasing some. He knocked at the front door but received no reply and, hearing voices in the house, went around the westerly side toward the kitchen door. He was attacked, without warning, by one of the dogs and severely bitten in the arm. The dog was fastened by a six-foot chain tied to a truck or tree. The plaintiff did not hear or see either dog until he was attacked.

The statute upon which plaintiff brought the action, General Statutes, Cum. Sup. 1935, § 1380c, reads as follows: "If any dog shall do any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper be a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog." The defendant claims that upon the facts found the plaintiff was a trespasser and points to the fact that the trial court stated in its conclusions "that at the most the plaintiff was a technical trespasser." Whether or not this statement amounts to a holding that the plaintiff was nominally a trespasser is not vital if the facts support the trial court's judgment that he was not a trespasser within the meaning of the statute. Conn. App. Proc. § 18; *Davis* v. *Margolis,* 107 Conn. 417, 422, 140 A. 823. The burden of proving that he was not such a trespasser at the time of the attack is upon the plaintiff. *Goodwin* v. *Giovenelli,* 117 Conn. 103, 107, 167 A. 87.

We have reviewed § 1380c and its antecedent

statutes from time to time. *Kelley* v. *Killourey*, 81 Conn. 320, 70 A. 1031; *Granniss* v. *Weber*, 107 Conn. 622, 141 A. 877; *Ingeneri* v. *Kluza*, 129 Conn. 208, 27 A.2d 124. Briefly, the statutory purpose has been interpreted to be that one keeps a dog at one's peril; that the owner's knowledge of the character of the dog, whether vicious or otherwise, is not important; that the owner is liable for injury done by it on all occasions except when the injury is incurred by one while committing a trespass or other tort, or teasing or abusing the dog; and that the trespass or other tort referred to in the statute is one committed on the person or property of the keeper, or of his family, or on the dog itself, to which it would instinctively react.

We have never had the precise question whether mere entry upon land is such a trespass as is contemplated by the statute. At common law every unwarrantable entry by one upon the land of another was a trespass. See 52 Am. Jur. 844, § 12. The word "unwarrantable" has some significance. In the early case of *Champion* v. *Hartshorne*, 9 Conn. 564, 568, we said, "The entry of one man upon the lands of another, without his consent, is, *prima facie*, a trespass, and requires to be justified"; in *Barnum* v. *Vandusen*, 16 Conn. 200, 203, we said that justification was a full answer to the allegation of trespass; and in *Munson* v. *Mallory*, 36 Conn. 165, 172, we said that in an action for trespass the plaintiff primarily need only allege the entering which is prima facie trespass, leaving it to the defendant to justify. Such justification may, of course, be established by proof of right of entry or of consent of the owner, but it has not been confined to such excuse alone. By way of illustration, it has been said that

"It is a very ancient rule of the common law, that an entry upon land to save goods which are in jeopardy of being lost or destroyed by water, fire, or any like danger, is not a trespass." *Proctor* v. *Adams,* 113 Mass. 376, 377; see 52 Am. Jur. 867, § 40.

This, indeed, is not the situation of the plaintiff in this action. He entered the defendant's land to serve his own purpose and perhaps, incidentally, that of the defendant. But, under the law of this state at least, entry on another's premises is not conclusive of trespass but may be justified, and that justification is not limited to proof of proprietary right of entry or express consent of one in possession.

Under an earlier "dog-bite" statute (General Statutes, Compilation of 1854, p. 149) which provided that "whenever any dog shall do any damage, either to the body or property of any person, the owner, or keeper . . . shall pay such damage, to be recovered in an action of trespass," it was held in *Woolf* v. *Chalker,* 31 Conn. 121, 127, that "the supposed trespass of the plaintiff, and the negligence of either party, were immaterial." In *Kelley* v. *Killourey,* supra, 325, the court supported the trial court's charge to the extent that wilful abuse of the dog, or abuse of such a character as would be calculated to rouse it to defensive action, was held to be a bar to recovery. Thereafter the statute as it now exists was passed barring recovery by one "committing a trespass or other tort, or . . . teasing, tormenting or abusing such dog." In the statute, trespass is not confined to trespass on real estate and, as we have indicated, entry on land is not conclusive of trespass but may be justified. The expression "trespass or other tort" in the statute suggests more

than a mere entry and the plain intent of the statute is to bar recovery where the plaintiff was committing or intending to commit some injurious act. In *Dorman* v. *Carlson*, 106 Conn. 200, 203, 137 A. 749, we said, "The language of the exception is comprehensive; interpreted literally it might include every kind of trespass or tort done to any person or property at any time. Such an interpretation would lead to results which surely were not in the legislative contemplation. The trespasses and torts which the framers of the exception had in mind were those which were committed upon the person or property of the owner . . . and other torts of a like character, and which the dog, with his characteristic loyalty, would instinctively defend and protect. . . ." This statement indeed was based upon the fact that the attack was not on premises of the owner of the dog but in a public highway, but it gives support for the position that the purpose of the statute is to allow one to keep dogs to protect property against injury. It would be a harsh doctrine to hold that, when one enters on another's land at a reasonable hour for the purpose of speaking to him, he commits a trespass that would call for protection or defensive action by a dog. The question of the liability of a landowner for injuries suffered by a trespasser upon the premises due to their condition is clearly distinguishable from that of the owner's liability under the statute in question to one who merely enters upon the land without doing or intending to do any harm.

The plaintiff entered the defendant's yard and went to the front door on an honest errand. There was no response to his knock but he heard voices within the house and so proceeded toward the rear

of it. On his way he was attacked by the dog without warning. Concededly the dog was a police dog kept for the purpose of protecting the defendant's property against trespassers, and the character of the plaintiff's wound indicated the potential source of danger therefrom. While the plaintiff might have passed to the rear of the house without coming within range of the dog, it is a fair inference from the fact that he did not see it that the dog was concealed from his view. We hold no more than that the conclusion of the trial court to the effect that the act of the plaintiff was not such a trespass as was within the intent of the statute was reasonable.

There is no error.

In this opinion the other judges concurred.