In this action the plaintiff is seeking to recover damages for injuries alleged to have been sustained by her as the result of an attack upon her person by a dog owned and kept by the two named defendants, husband and wife. It appears that the defendant wife died after the action was instituted. On November 10, 1951, a motion was filed by her administrator in which he requested that he be substituted as a party defendant in her place. The file does not disclose that the motion was ever acted upon. Since the trial was had to the court on April 16, 1952, it may be noted on the file that the motion for substitution was granted as of that date. This accords with the apparent intendment of counsel and the necessity of keeping the record in order.
Since the evidence presented does not support a finding of any liability on the part of the deceased defendant, her estate cannot be subjected to an adverse judgment. Hence the expression "the defendant," as used hereinafter, will be referable solely to the defendant husband.
On the noonday of October 22, 1948, the plaintiff, a lady in her late sixties, got off of a public bus on Hollister Avenue, Bridgeport, and commenced to cross over an unfenced triangular lot owned by the defendant, to get to Orange Street. She did this to effect a short cut. It had been her custom to resort to this short cut on an average of once a week for ten years prior thereto. Other members of the public had been doing likewise over the years. On the day in question while crossing over this lot the plaintiff *Page 165 
was attacked by a large-size Doberman pinscher dog owned by the defendant. Hence the litigation at bar has resulted.
The defendant conducts a trucking business. This lot is employed by him to park his trucks upon and leave equipment thereon when not being used. He had found himself subjected to certain thefts of personal property and he obtained the dog as a protective measure as well as to discourage trespassing in general. The dog at all times was kept on a chain. On the day in question the chain gave the dog a moving range of twelve to fifteen feet and was attached to one of the trucks. The range thus given the dog for action, at least on the day in question, extended across the path the plaintiff was taking from Hollister Avenue to Orange Street. the defendant knew that the dog was vicious and prone to cause trouble to anyone within reach of its fangs. So also he knew that members of the public, such as the plaintiff, used his lot to effect a short cut only, and not to pilfer.
The question for decision is whether the plaintiff's status denies, her the benefits of the statute in this action to recover damages for personal injuries. She was a casual or nominal trespasser at the time in question. The statute (§ 3404) excludes from its benefits one who at the time of the biting "was committing a trespass or other tort." In considering the limits of the question presented, the court has had recourse to the discussion in the opinion of the Supreme Court of Errors in Hanson v. Carroll,133 Conn. 505, and of the trial court in Donahue v.Pease, 5 Conn. Sup. 426, and in 2 Am. Jur. 744, § 69, 745, § 70. "The expression `trespass or other tort' in the statute suggests more than a mere entry and the plain intent of the statute is to bar recovery where the plaintiff was committing or intending to commit some injurious act." Hanson v. Carroll,
supra, 509. *Page 166 
The conclusion reached is that the plaintiff was not that kind of trespasser whom the General Assembly in enacting the statute intended to have denied the benefits thereof. She neither was committing nor intended to commit any injurious act directed against the property. It has been made to appear that the defendant knew that persons such as the plaintiff used this lot as a short cut and knew that the dog was a vicious brute. The principle of law stated in Carlson v. Connecticut Co., 95 Conn. 724,730, and followed in later cases (McPheters v.Loomis, 125 Conn. 526, 531, to cite but one) is deemed pertinent: "But if the owner or his servants know that the presence of trespassers is to be expected, then the common obligation of exercising reasonable care gives rise to the correlative duty of taking such precautions against injuring trespassers as a reasonable foresight of harm ought to suggest."
Further discussion on the liability phases of the case is not required. The defendant's claim that he had on one occasion told the plaintiff to keep off of the lot is not sustainable. However, since the plaintiff does not understand English, such a command if given would be of little value. The same situation relates to posted signs said by the defendant (but not found by the court) to have been on the property. It is found as a fact that the plaintiff did not know of the presence of the dog on the lot on the day in question. The location of the truck to which the dog was chained concealed its presence before the attack. Liability attaches to the defendant.
The plaintiff's main injury was to her leg. It required a cast for six weeks, followed by the use of crutches for another six weeks. There was considerable resulting pain and discomfort and loss of sleep. Her doctor bill is in the amount of $60, hospital bill in the amount of $41.75. A woman who lived upstairs over the plaintiff rendered necessary household services *Page 167 
for twelve weeks. While it cannot be found that there was an express agreement for compensation, it could be found that $10 a week represents the reasonable value of such services and that it was impliedly understood that the services would be reasonably compensated if there was money available with which to pay for them.
Special damages are computed to amount to $221.75. In addition, general damages are awarded in a sum sufficient to bring a total award of damages to $2,000 inclusive.
 In view of the foregoing, the issues are found for the plaintiff as against the defendant husband, and in favor of the defendant administrator of the estate of the deceased wife. Damages awarded to the plaintiff are $2000, as stated in the preceding paragraph. Judgment may so enter.