MARY VERRILLI *v.* WALTER DAMILOWSKI ET AL.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and QUINLAN, Js.

Argued October 6—decided October 22, 1953

*Frank Habansky,* for the appellant (named defendant).

*Samuel J. Tedesco,* for the appellee (plaintiff).

BROWN, C. J.   The plaintiff sued the defendant Walter Damilowski and his wife for damages for personal injuries which resulted from being bitten by a dog alleged to have been owned and kept by the defendants.   Upon his wife's death the defendant Walter, as administrator of her estate, was substituted for her as defendant.   The court rendered judgment for the plaintiff to recover of him individually $2000, and in favor of him as administrator. He has appealed from the judgment entered against him.   We refer to him below as the defendant.

The gist of the complaint is that the defendant owned and kept a dog on his property in Bridgeport which is bounded in part by Orange Street and by Hollister Avenue; that on October 22, 1948, as the plaintiff was crossing the premises between these streets on a right of way which had been used by the public for several years, the defendant's dog attacked her, biting her in the left leg and causing serious injury, including a fracture of the knee, which resulted in expense for medical care and nursing and in incapacity to perform her domestic duties; and that "at the time of the attack by the dog, [she] was not teasing, tormenting or abusing said dog and was not engaged in the commission of a trespass or other tort." Section 3404 of the General Statutes, in so far as it is relevant, provides: "If any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage, except when such damage has been occa-

sioned to the body . . . of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog."

It is to be noted that the complaint contains no allegation either of scienter upon the part of the defendant or of facts constituting negligence upon his part. Either of these could be an essential element in a common-law action to recover for injury done to a plaintiff by a defendant's dog. 3 C.J.S. 1255. Both, however, may be rendered immaterial by statute, and a statute may be operative in a case of this nature to impose absolute liability under certain circumstances. 3 C.J.S. 1257. Such is the liability prescribed under § 3404, quoted above. *Ingeneri* v. *Kluza,* 129 Conn. 208, 209, 27 A.2d 124. As was pointed out in *Granniss* v. *Weber,* 107 Conn. 622, 625, 141 A. 877, in approving a quotation from *Grissell* v. *Housatonic R. Co.,* 54 Conn. 447, 461, 9 A. 137, this statutory extension of common-law liability is only "a new application of an ancient common law principle, that where one of two innocent persons must suffer loss from an act done, it is just that it should fall on the one who caused the loss rather than upon the other who had no agency in producing it and could not by any means have avoided it." Since the plaintiff's complaint contains no allegation of either negligence or scienter on the part of the defendant and expressly negatives the commission of any trespass or tort or abuse of the dog on her own part, the cause of action alleged is unmistakably one under the statute and not under the common law. *Leone* v. *Kelly,* 77 Conn. 569, 570, 60 A. 136.

The question determinative of the appeal upon the issue of liability, therefore, is whether upon the

facts the court was warranted in its conclusion that the defendant is liable under § 3404. The material facts found by the court are not subject to correction and may be thus summarized: The defendant owned an unfenced piece of land extending from Hollister Avenue to Orange Street in Bridgeport which he used for the storage of equipment in connection with his trucking business. A clearly defined road or pathway twenty feet wide extended across the lot from street to street. The general public had utilized this pathway for years as a short cut between streets, and the plaintiff had so used it about once a week over a period of ten years, as the defendant well knew. The defendant kept his vicious dog fastened to a truck by a fifteen-foot chain which permitted it to go into the pathway. He did this to prevent pilferage of personal property on the lot and to discourage trespassing by the public. On October 22, 1948, the plaintiff, who was sixty-five years of age, while en route to visit her cousin walked onto the pathway on the defendant's lot to use it for a short cut to Orange Street, as was her custom. The dog was concealed by one of the trucks so that the plaintiff neither saw it nor knew of its presence until it jumped on her, knocked her to the ground and bit her on the thigh and back. Neither by sign nor by word of mouth had the defendant ever forbidden the plaintiff to use the short cut or warned her of the presence of the dog. Upon these facts the court concluded that the plaintiff should not be precluded from recovering under § 3404, since the statutory expression "committing a trespass or other tort" did not apply to exclude her right of action.

For over 150 years the statutes of Connecticut have imposed upon the owners of dogs liability beyond that at common law for damage done by

them. See *Woolf* v. *Chalker,* 31 Conn. 121, 133. The earlier statutes by their terms prescribe absolute liability in such cases. Notwithstanding the lack of any exception such as now appears in § 3404, this court in deciding the case of *Kelley* v. *Killourey,* 81 Conn. 320, 70 A. 1031, stated that while the generality of the terms of the statute, when interpreted literally, furnished justification for the contention that it made the owner or keeper of a dog liable for all damage done by it under any circumstances to the body or property of any person, this was not the true intent and meaning of the statute. It was accordingly held that the statute did admit of exceptions, as was recognized in *Woolf* v. *Chalker,* supra, one of which was injury done by a dog in protecting his master's premises "against the perpetration of a felony," and another, injury by the dog to one wilfully provoking it by conduct which he knew or should have known was calculated to rouse a dog to defensive action by the use of its natural weapons of defense. After the *Kelley* decision in 1908, the legislature in 1911, with the purpose of making the statute conform to the above interpretation, amended it to include the exception denying recovery to a plaintiff who at the time he was injured by the dog "was committing a trespass or other tort." Public Acts 1911, c. 121, § 5; *Dorman* v. *Carlson,* 106 Conn. 200, 202, 137 A. 749. Subsequently, in 1933, the statute was further amended by expressly providing that the exception should apply to one who at the time damage was sustained "was teasing, tormenting or abusing such dog." Cum. Sup. 1933, § 938b (Cum. Sup. 1935, § 1380c).

In *Dorman* v. *Carlson,* supra, in interpreting the meaning of the exception incorporated by the 1911 amendment, we used this language (p. 203): "The

language of the exception is comprehensive; interpreted literally it might include every kind of trespass or tort done to any person or property at any time. Such an interpretation would lead to results which surely were not in the legislative contemplation. The trespasses and torts which the framers of this exception had in mind were those which were committed upon the person or property of the owner or keeper, or of his family, and other torts of a like character, and which the dog, with his characteristic loyalty, would instinctively defend and protect, and those torts committed upon the dog to which we referred in *Kelley* v. *Killourey,* supra, as likely to excite a dog to the use of its natural weapons of defense." This interpretation of the meaning of the word "trespass" as used in the exception, particularly when considered in connection with what was said in the earlier case of *Kelley* v. *Killourey,* 81 Conn. 320, 322, 70 A. 1031, concerning the exception to be implied when the dog was protecting its owner's premises "against the perpetration of a felony," makes clear that the word "trespass" as employed in the exception refers to something more serious than the mere technical trespass of entering upon the land of another where neither intent to damage nor damage in fact is involved, and where no acts are committed which would naturally arouse an ordinary dog to action to protect its owner's property or family. *Goodwin* v. *Giovenelli,* 117 Conn. 103, 106, 167 A. 87; *McCarthy* v. *Daunis,* 117 Conn. 307, 310, 167 A. 918.

Further authority indicating that the instant case does not fall within the exception which denies recovery to a plaintiff on the ground that he is a trespasser appears in *Hanson* v. *Carroll,* 133 Conn. 505, 52 A.2d 700. In that case, at page 509, we stated:

"The expression 'trespass or other tort' in the statute suggests more than a mere entry and the plain intent of the statute is to bar recovery where the plaintiff was committing or intending to commit some injurious act." One factual difference in that case was that the plaintiff had entered the defendant's premises to inquire whether he could purchase fertilizer of the defendant. In concluding our opinion, we stated (p. 511): "We hold no more than that the conclusion of the trial court to the effect that the act of the plaintiff was not such a trespass as was within the intent of the statute was reasonable." In view of the authority discussed above, we are satisfied that upon the facts in the instant case the statement just quoted accurately states what we should and do hold in this case. The court did not err in concluding that the defendant is liable under the statute.

There is no merit to the claim that the amount of damages awarded is excessive.

There is no error.

In this opinion the other judges concurred.