Rockingham,
No. 5276.

Eugene Frenette

*v.*

Louis A. Gillis.

Argued March 2, 1965.
Decided March 31, 1965.

*James A. Sayer, Jr.* (by brief and orally), for the plaintiff.

*John B. Ford* (by brief and orally), for the defendant.

WHEELER, J. The only issues briefed and argued here are the defendant's exceptions to the Court's finding a verdict for the plaintiff and that the plaintiff was not committing a trespass within the meaning of RSA 466:19 at the time he was attacked by defendant's dogs. The defendant concedes that the evidence warranted a finding that the plaintiff was bitten by one or more dogs owned or under the control of the defendant and that the injuries were sufficient to justify the verdict.

On the day of the attack the plaintiff, in search of lumber to purchase, drove by the defendant's farm located on the Pelham Road in Salem where he observed some lumber piled in a field next to a farmhouse. He drove into the driveway and upon seeing a sign advising "Beware of the Dog" backed out of the yard and drove further up the road where he observed the two Gillis brothers in a field. There was an open barway in the stone wall with vehicle tracks running into the field. He drove his truck into the field for the purpose of inquiring if they had lumber for sale. He did not observe any signs warning against trespassing. Upon getting out of his truck and before he could engage in conversation with the defendant he was attacked by two dogs.

The pertinent statute RSA 466:19 provides: "LIABILITY OF OWNER OR KEEPER. Any persons to whom or to whose property damage may be occasioned by a dog not owned or kept by him shall be entitled to recover such damage of the person who owns or keeps the dog, or has it in possession, *unless the damage was occasioned to him while he was engaged in trespass or other tort.*" (Emphasis supplied).

The defendant relies upon Restatement, Torts, s. 158, which provides as follows: "One who intentionally and without a consensual or other privilege (a) enters land in possession of another or any part thereof or causes a thing or third person so

to do, or (b) remains thereon, or (c) permits to remain thereon a thing which the actor or predecessor in legal interest brought thereon in the manner stated in *ss.* 160 and 161, is liable as a trespasser to the other irrespective of whether harm is thereby caused to any of his legally protected interests." See also, *Id.*, *ss.* 511, 512. However, RSA 466:19 which controls this case does not contemplate such a narrow rule. This court in *Colby* v. *Lee*, 83 N. H. 303, 306 approved instructions to the jury in the following language defining trespassers: "By trespass we mean any illegal or unlawful interference with the property of another . . . . Neither would one become a trespasser who uses or attempts to use a walkway to another's building or premises if the use or attempted use was for a lawful purpose and made in a lawful reasonable manner under reasonable circumstances."

The plaintiff here was on a lawful business mission at a reasonable hour of the day for the sole purpose of inquiring if the defendant had lumber for sale. He entered an open barway on the defendant's property and drove into a field in well-defined vehicle tracks. He was neither warned nor asked to leave by the defendants who were in the field with the dogs nor did he in any way disturb or damage their property.

Other jurisdictions with similar statutes have permitted recovery under circumstances approximating those presented. *Hanson* v. *Carroll*, 133 Conn. 505; *Verrilli* v. *Damilowski*, 140 Conn. 358.

*Judgment on the verdict.*

All concurred.