WAYNE LUND ET AL. *v.* KAROL R. TROJANSKI ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 116911
AT NEW HAVEN

Memorandum filed September 21, 1970

*R. William Bohonnon,* of New Haven, for the plaintiffs.

*Lattanzi, Vishno & McKeon,* of New Haven, for the defendants.

FITZGERALD, J. The original writ, summons and complaint is dated April 29, 1968, and was made returnable to court on the first Tuesday of June, 1968. The officer's return on file discloses service of process on May 3, 1968. The plaintiffs are two in number, namely, Wayne Lund, a minor, who sues through his father, Clarence Lund, as natural guardian and next friend, and the father individually. In the complaint as originally drawn, the minor plaintiff in the second count seeks to recover damages for personal injuries alleged to have been caused him on May 10, 1967, when attacked by a dog owned and kept by the defendants; and in the first count the father of the minor plaintiff is seeking to recover medical expenditures incurred by him for the treatment of his son's injuries.

In passing, it is to be noted that the two counts in the complaint as originally drawn contain no allegations averring an action at common law against the defendants nor allegations invoking liability under the "dog-bite" statute, which presently is § 22-357 of the General Statutes. The differences between an action at common law for damages caused by a dog and the statutory extension of that liability in Connecticut, with increased limitations by amendments over the years, were cogently reviewed in *Verrilli* v. *Damilowski,* 140 Conn. 358, 360, and stressed by the trial court in *Duell* v. *Coyle,* 22 Conn. Sup. 332, from a practical standpoint.

An earlier motion of the defendants, still pending hearing, for summary judgment in their favor apparently alerted counsel for the plaintiffs to the serious deficiencies in the original complaint as drawn, which did not in either count purport to state a cause of action against the defendants either at common law or under the statute. By motion for permission to amend the original complaint, filed July 10, 1970, and granted by the court *(Bogdanski, J.)* on July 24, 1970, the proposed amendment was duly filed by the plaintiffs. To the first and second counts of the original complaint it adds a fifth paragraph thereto which reads as to both counts: "Plaintiff was not, at the time of his injury, engaged in the commission of a trespass or other tort, and was not teasing, tormenting or abusing said dog."

The allowed amendment brought the alleged cause of action for the first time under the statute. Compare Form 210 of the Practice Book, with particular reference to paragraph 3 thereof. Before that amendment, the complaint stated no cause of action whatsoever; it was a nullity. To allege merely that the defendants owned and kept a dog, and that on a certain day the dog bit the minor plaintiff, causing

him injuries and his father the incurring of medical bills, does not state a cause of action recognized at common law or create a liability under the statute. *Verrilli* v. *Damilowski,* supra.

To the first and second counts of the complaint as now amended, the defendants demur on the ground that the cause of action asserted by the allowed amendment is barred by the Statute of Limitations. The Statute of Limitations as to a cause of action under the "dog-bite" statute (§ 22-357) is the three-year Statute of Limitations (§ 52-577) as for an action founded upon a tort. *Gretkowski* v. *Coppola,* 26 Conn. Sup. 294, 296; *Lussen* v. *Nash,* 14 Conn. Sup. 428. As already noted, the date of the alleged biting was May 10, 1967, and the service of process was had May 3, 1968, thus marking the commencement of litigation on the latter date.

It is the position of the demurring defendants that the first time the plaintiffs can be said to have asserted any cause of action, be it at common law or statutory, arose when the plaintiffs were permitted by the court to amend their complaint on July 24, 1970, more than three years after May 10, 1967, the day of the alleged episode.

As stated in *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 330, "[a] change in, or an addition to, a ground . . . arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated."

It is the court's view that, no cause of action having been sufficiently alleged in the two counts of

the original complaint, either at common law or under the statute, the allowed amendment thereto— more than three years after the alleged episode— which for the first time stated a recognized cause of action under the "dog-bite" statute, is barred by the three-year Statute of Limitations (§ 52-577).

The Supreme Court in *Verrilli* v. *Damilowski,* supra, 359–60, held that an allegation in the complaint that "at the time of the attack by the dog, [the plaintiff] was not teasing, tormenting or abusing said dog and was not engaged in the commission of a trespass or other tort" was sufficient to state a cause of action under the statute and not at common law. In the case at bar, the complaint as originally drawn, and in respect to both counts, failed to state at the outset any cause of action recognized at common law or by statute; it was, as stated earlier, a nullity. When life was attempted to be instilled into both counts by amendment so as to state a cause of action under the statute (§ 22-357), the three-year limitation (§ 52-577) had been exceeded. The amendment gave rise to "an entirely new and different factual situation" *(Gallo* v. *G. Fox & Co.,* supra), presenting for the first time a cause of action where none had been stated before.

It is the position of the plaintiffs that a new cause of action had not been stated by the amendment. The court on this point has concluded otherwise. Next, it is the position of the plaintiffs that the Statute of Limitations should not be passed upon by demurrer. The short answer is that contrary to what is now § 120 of the Practice Book, resort may be had to testing the question by demurrer under appropriate circumstances. *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 171–73; *Radezky* v. *Sargent & Co.,* 77 Conn. 110, 114; *DiPiro* v. *Chapin,* 24 Conn. Sup. 174, 176. In *Milford* v. *Swarbrick,* 24 Conn.

Sup. 320, 321, it is stated: "Granting that . . . [§ 120] of the Practice Book provides that the Statute of Limitations and other specified defenses should be specially pleaded if relied upon as a defense, the rule is not one of unbending rigor. Exceptions have been permitted and the question determined by demurrer."

As it was so wisely remarked in *Rutt* v. *Roche,* 138 Conn. 605, 607, "[i]f the demurrer is correctly sustained, the time, the effort, and the expense of a useless trial are saved."

The interposed demurrer of the defendants to the complaint of the plaintiffs as amended is required to be, and is, sustained.