[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 113)
This motion arises out or a action brought under our dog bite statute, sec 22-357 CGS. The plaintiff's nine year old child, for whom she brings this action as next of friend, was a guest of the defendant. Upon returning from a fishing trip the child was helping defendant unload defendant's vehicle. Defendant kept a dog chained up in the corner of her garage. The garage provided an access way to the house. Defendant asked the child to enter the house through this access way. It is undisputed that the child went out of her way to go over and pet the dog. And this is when the dog bit her.
There is dispute as to whether the defendant actually told the child not to touch the dog or merely said nothing about the dog. See conflicting supporting affidavits by the parties. This factual dispute the court finds to be immaterial for the following reasons.
The defendant alleges a special defense that the child was committing a trespass at the time she was bitten and therefore, under the statute, the defendant is not liable for any resulting harm that came to the plaintiff. According to the claims of the defendant the nature of the trespass was the plaintiff venturing into that portion of the garage where the dog was chained and where she was not privileged to venture.
The trespass defense under the dog bite statute has been interpreted by our appellate courts to contemplate something more than the unprivileged entry upon the land of another. Rather, there must be a showing that the trespasser intended some injurious act by the trespass. Hanson v. Carroll, 133 Conn. 505,509; Verrilli v. Damilowski, 140 Conn. 358, 364. In this case there is no evidence in the record to indicate that the plaintiff was trespassing in this sense. The only evidence on this subject is that the plaintiff's intent was to pet the dog — a permitted act under the statute.
For the foregoing reasons, the court finds that there is no genuine issue of material fact and the plaintiff is entitled to summary judgment as to liability as a matter of law.
Accordingly, plaintiffs' motion for summary judgment is hereby GRANTED.
BY THE COURT MELVILLE, J. CT Page 3947