DISTRESS DAMAGE FEASANT. (1–3) *Cattle not distrainable in highway at common law or by statute.* (4) *Nor by a certain town by-law.*

REPLEVIN. (5) *Will not lie in favor of distrainor for cattle reclaimed by owner from unlawful distress.*

1. Cattle doing damage *on the highway* were not distrainable at the common law, or at least were not distrainable after the passage of the statute of Marlborough, A. D. 1267.

2. The statute of this state on the subject is a complete revision of the whole law of distress *damage feasant*, and takes the place of all former laws on that subject.

3. The statute limits the right to the distraining of beasts doing damage *within the inclosure of the distrainor* (Tay. Stats., 793, § 1); and the word "inclosure" there means a tract of land surrounded by an actual fence, together with such fence, and does not include that part of a public highway of which the fee belongs to the owner of such adjoining inclosure.

4. A by-law of a town prohibiting cattle from running at large, and inflicting a pecuniary penalty upon the owner of cattle violating the law, confers no right upon the owner in fee of the land included in a highway in such town, to distrain cattle grazing upon such highway.

5. Plaintiff having, without legal authority, distrained defendant's cattle as *damage feasant*, defendant had a right peaceably to reclaim them; and even if he reclaimed them forcibly, plaintiff could not maintain *replevin* against him for the cattle.

APPEAL from the County Court of *Winnebago* County.

Replevin. The plaintiff distrained the cattle of the defendant *damage feasant.* The cattle, when so distrained, were in the highway (the fee of which belonged to the plaintiff), eating the grass therein. While the plaintiff was driving the cattle to the nearest pound, the defendant rescued them, and the plaintiff brought this action to recover the possession of the cattle. The foregoing facts having been proved on the trial by uncontradicted testimony, the county judge directed the jury to find for the defendant, and a verdict was rendered

accordingly. From the judgment against him duly entered on such verdict, the plaintiff appealed.

*Jackson & Halsey*, for appellant:

1. Plaintiff had a legal right to the possession of the cattle by virtue of the town by-law, which was put in evidence. 2. The plaintiff was the owner of the fee to the center of the highway (*Gardiner v. Tisdale*, 2 Wis., 153; *Kimball v. Kenosha*, 4 id., 321; 3 Kent's Com., 432), and as such was entitled to all the profits, including the right of pasturage. *Harrison v. Brown*, 5 Wis., 27; *Parker v. Jones*, 1 Allen, 270; *Gidney v. Earl*, 12 Wend., 98; *Keith v. Bradford*, 39 Vt., 34, 41. 3. The cattle were trespassers, and the plaintiff had a right to distrain them. 3 Black. Com., 5, 6, 7; R. S. 1858, ch. 51. This was a common law remedy, existing in favor of the owner of the land, whether *inclosed* or not; and the statute remedy by distress (R. S., ch. 51) is only cumulative. *Winne v. Elderkin*, 1 Chand., 219; *Stephens v. Magor*, 25 Wis., 535; *Colden v. Eldred*, 15 Johns., 220; 13 Me., 371. 4. Even under the statute it is not necessary for plaintiff to show that the land is actually inclosed by a fence. 3 Black. Com., 209, 210; 39 Vt., 34–41; Bouvier's and Burrill's Law Dics., title "Close;" *Drew v. Spaulding*, 45 N. H., 472; *Hale v. Clark*, 19 Wend., 498. 5. If, by the most favorable view of the testimony, plaintiff has made a case, it should have been submitted to the jury. 32 Wis., 587.

*Finch & Felker*, for respondent:

1. The remedy for depasturing the highway is trespass. 5 Wis., 27. The statute of this state gives the remedy by distress only where cattle are found within an *inclosure;* and this means an estate surrounded by a substantial fence. Tay. Stats., 792, 794, § 3; Bouv. Dic., title "Enclosure;" *Crane v. Ellis*, 31 Iowa, 510; *Wagner v. Bissell*, 3 Clarke (Iowa), 396; *Camp v. Flaherty*, 28 Iowa, 520; 23 Wis., 462. This statute supersedes the common law on the subject. *Blizzard v. Walker*, 32 Ind., 437; *Camp v. Flaherty, supra.* 2. The by-law of the town

gave plaintiff no right of distress. Under that, his remedy was by action for the penalty. Tay. Stats., 349, § 3; *Miles v. Chamberlain*, 17 Wis., 446; *Pettit v. May*, 34 id., 666.   3. Cattle cannot be distrained for a nominal trespass, and as the plaintiff proved no actual injury, the charge of the judge was correct. 1 Hilliard on Torts, 487, § 23; *Osgood v. Green*, 33 N. H., 318; 17 Me., 179; *Hale v. Clark*, 19 Wend., 498; 10 Johns., 370; 2 id., 190; 10 id., 250; *Merritt v. O'Neil*, 13 id., 477; *Rockwell v. Nearing*, 35 N. Y., 309; 23 Wis., 460; 1 Cowen's Treat. (3d ed.), 416–7.

LYON, J.   The single question to be determined is, whether cattle pasturing in the public highway may lawfully be distrained *damage feasant* by the owner of the fee of such highway. We are of the opinion that they cannot, unless by virtue of some valid municipal by-law or ordinance.

A by-law of the town in which the defendant's cattle were distrained, prohibiting cattle from running at large in the highways therein, was read in evidence; but it only inflicts a money penalty upon the owner of cattle violating the by-law, and does not attempt to give the remedy of distress. Such by-law, therefore, does not aid the plaintiff.*

Neither can the distress be justified by the statute on that subject, for that limits the right to the distraining of beasts doing damage *within the inclosure* of the distrainor. Tay. Stats., 793, § 1.   By the term "*inclosure*," as used in the statute, is meant a tract of land surrounded by an actual fence, and such

---

* The following is the by-law, as found in the printed case: "All domestic animals shall be restrained from going at large in the town of Omro; and any person owning and permitting any domestic animals to run at large in any of the highways of the town, shall be liable to and shall forfeit the sum of two dollars for each and every offense, to be recovered before any justice of the peace in the county; one-half of said penalty shall go to the complainant and driver to the pound, of such animals as are found in the highway contrary to the provisions of this resolution."—REP.

fence. *Pettit v. May*, 34 Wis., 666; Bouvier's Law Dic., title " Enclosure."

But, although the validity of the distress cannot be maintained under the statute or the town by-law, it is claimed to be a valid distress at the common law. There are two answers to this position, either of which is fatal to it. 1. The statute is a complete revision or codification of the whole law of distress *damage feasant*, and takes the place of all former laws on the subject. 2. Cattle doing damage in the highway were not distrainable at common law, or, at least, have not been distrainable since the statute of Marlborough was enacted, A. D. 1267 (52 Henry III). Cap. XV of that statute is as follows: " It shall be lawful for no man from henceforth, for any manner of cause, to take distresses out of his fee, nor in the King's highway, nor in the common street, but only to the King or his officers having special authority to do the same." 1 Statutes at Large, 36.

We find no legal authority for the distress, and the defendant had the right peaceably to reclaim his cattle from the possession and custody of the plaintiff; and whether he reclaimed them peaceably or forcibly, the plaintiff has no such special property in, or right to the possession of, the cattle, as will support an action of replevin for them against the owner.

We think the county judge properly directed the jury to find for the defendant, and that the judgment of the county court should be affirmed.

*By the Court.*—Judgment affirmed.