FORREST A. PECK, *pro ami*, *vs.* WALTER A. WILLIAMS.

PROVIDENCE—JANUARY 20, 1903.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1)  *Dogs.  Trespass.  Liability to Trespasser.*

Gen. Laws cap. 111, § 3, provides that "if any dog shall assault, bite, or injure any person while traveling the highway or out of the enclosure of the owner or keeper of such dog, the owner or keeper shall be liable to the person aggrieved for all damage sustained, and it shall not be necessary to prove that the owner or keeper knew that such dog was accustomed to do such damage:"—

*Held*, that the fact that plaintiff was a trespasser at the time of being bitten by the dog was no defence, where the plaintiff by his own conduct did not purposely and recklessly bring the injury upon himself.

(2)  *Dogs.  Enclosure of Owner.*

*Held*, further, that the word "enclosure" imported land enclosed with some visible or tangible obstruction, as a fence, for the protection of the premises against encroachment, and did not include the cart of defendant when on the highway.

TRESPASS, under Gen. Laws cap. 111, § 3. Heard on demurrer to plea, and demurrer sustained.

TILLINGHAST, J. This is an action of trespass, and is brought to recover damages for injuries alleged to have been sustained by the plaintiff from the bite of a dog while the plaintiff was traveling upon a highway in the city of Providence.

The action is based upon Gen. Laws R. I. cap. 111, § 3, which provides that : "If any dog . . . shall assault or bite or otherwise injure any person while traveling the highway, or out of the enclosure of the owner or keeper of such dog, the owner or keeper of such dog shall be liable to the person aggrieved, as aforesaid, for all damage sustained, to be recovered in an action of trespass on the case, or in an action of trespass, with costs of suit, . . . and it shall not be necessary, in order to sustain any such action, to prove that the owner or keeper of such dog knew that such dog was accustomed to do such damage."

In addition to the plea of the general issue, the defendant has filed a special plea in bar in which he sets up that the plaintiff ought not to have or maintain his action against him because, he says, that before and at the time when, etc., in the declaration mentioned, a certain cart or vehicle of the defendant was being driven along a certain public highway in the city of Providence, in charge of a servant of the defendant, and that the said dog was then and there in and upon said vehicle. And the defendant avers that the said Forrest A. Peck then and there, without the invitation, leave, or license of the defendant, either by himself or through his servant, suddenly and without right took hold of and climbed up upon the rear part of said vehicle, whereupon the said dog attacked and assaulted him, as charged, he being then and there a trespasser. And the defendant avers that he was in the exercise of due care in the management of said dog. Wherefore he prays judgment if the said plaintiff ought to have or maintain his aforesaid action against him.

To this plea the plaintiff has demurred, on the ground that the statute upon which the action is based makes the owner or

keeper of any dog absolutely liable to any person who shall be assaulted or otherwise injured while such person is traveling on the highway or is out of the enclosure of the owner or keeper of such dog.

(1)     The only question raised by the demurrer is whether, under the statute aforesaid, the plaintiff can recover, notwithstanding the fact that he was a trespasser at the time when he was attacked and bitten by defendant's dog.

Counsel for plaintiff contends that, the statute being absolute in its terms and containing no exception whatsoever, the defence set up by said special plea is of no avail, and hence that the plea should be overruled.

Counsel for defendant, while admitting that defendant is liable under the statute, regardless of any question of negligence on his part in the care and management of said dog, claims that the defendant is not liable if the plaintiff, by his negligence, provoked the dog, or if, by the exercise of ordinary care, he could have prevented the action of said dog.

At the common law the mere fact that the plaintiff was a trespasser at the time of being bitten by a dog was no defence to an action for the recovery of damages for the injury sustained, if the dog was vicious to the knowledge of the owner or keeper thereof. *Loomis* v. *Terry*, 17 Wend. 496 ; *Sherfey* v. *Bartley*, 36 Tenn. (4 Sneed) 58 ; *Woolf* v. *Chalker*, 31 Conn. 121 ; *Meibus* v. *Dodge*, 38 Wis. 300.  See also *Plumley* v. *Birge*, 124 Mass. 57.  But, in order to state a case against the owner, the plaintiff was called upon to allege what was technically called the *scienter ;* that is, knowledge of the dog's vicious propensity, and also to prove the same at the trial.  And we think it is quite evident that the statute now in question originated in view of the well-known fact that personal injury was frequently sustained from dogs, for which the injured party had no adequate remedy by reason of the practical difficulty of proving the owner's knowledge of the vicious character of his dog.  And therefore it was thought best to make the owner or keeper liable for the injuries caused by his dog, regardless of the question as to whether he actually had knowl-

edge of its vicious character. *Kelly* v. *Alderson*, 19 R. I. 544. See also *Newton* v. *Gordon*, 72 Mich. 642.

As the statute thus enlarges the common-law liability of the owner or keeper of the dog so as to include damages sustained by his misconduct by any person while traveling on the highway or while out of the enclosure of the owner or keeper of the dog, whether the dog is vicious or not, we are of the opinion that the mere technical trespass set up in the special plea aforesaid is not a bar to the action.

The case of *Quimby* v. *Woodbury*, 63 N. H. 370, which is mainly relied on by defendant's counsel, is not in point, for the reason that the statute upon which that action was based, while it allows any person who has been injured by a dog not owned or kept by him to recover of the person who owns or keeps the dog, yet it expressly excepts from its operation those cases where the injury has been occasioned to the party suffering the damage while engaged in the commission of a trespass or other tort.

As our statute contains no such exception, the defence set up by the special plea aforesaid is not available.

(2) If it be claimed that, under the facts set up in the plea, the dog, being in the defendant's cart at the time the plaintiff was attacked by him, was not "out of the enclosure of the owner," within the meaning of the statute, we reply that we do not feel warranted in construing the term "enclosure" as including the cart of the defendant when on the highway. The word "enclosure," in its ordinary legal signification, imports land inclosed with something more than the imaginary boundary line ; that is, by some visible or tangible obstruction, such as a fence, hedge, ditch, or an equivalent object for the protection of the premises against encroachment. Thus, in *Taylor* v. *Welbey*, 36 Wis. 42, the court held that the word "enclosure," used in the statute of that State relating to damage done by cattle, means a tract of land surrounded by an actual fence, together with such fence, "and does not include that part of a public highway of which the fee belongs to the owner of such adjoining enclosure."

In *Porter* v. *Aldrich*, 39 Vt. 326, the term is defined sub-

stantially in the same manner.  We therefore feel constrained to limit the meaning of said term as thus indicated.

If, however, it shall be made to appear that the plaintiff willfully *provoked* the dog and thereby caused him to attack and bite him, we think he must be considered to have purposely or recklessly brought the injury on himself, and hence should be left to bear it, although the owner of the dog was in the wrong in allowing him to be on the highway, for in such a case it cannot be said, in a legal sense, that the keeping of the animal produced the injury.  *Muller* v. *McKesson*, 73 N. Y. 195 ; *Fake* v. *Addicks*, 45 Minn. 37.

This was the rule at the common law in cases where the animal was known to be vicious.  And we do not think the statute in question was intended to so far modify the common law as to enable a plaintiff to recover where he purposely brings the injury upon himself.  But, so far as appears from the plea in the case at bar, the plaintiff was not interfering with the dog, and may not even have been aware of his presence until attacked by him in the manner alleged.

The demurrer is sustained, and case remanded for further proceedings.

*Wm. M. P. Bowen*, for plaintiff.
*Page & Page & Cushing*, for defendant.