HAROLD E. FERGUSON v. EARL C. GANGWER.

192 So. 196

Division A

Opinion Filed November 17, 1939

Rehearing Denied December 8, 1939

*Elmore Cohen,* for Plaintiff in Error;
*Fulton & Jacobs,* for Defendant in Error.

TERRELL, C. J.—Defendant in error brought a common-law action against the plaintiff in error to recover damages for personal injuries resulting from an attack and bite of a French bulldog belonging to the latter. A demurrer to the declaration was overruled, a number of pleas were filed, and a demurrer to the third plea was sustained. The trial resulted in a verdict and judgment for the plaintiff, to which the defendant took writ of error.

It is first contended that the declaration was fatally defective in that it did not allege that defendant's bulldog was vicious and that he (defendant) had knowledge of his vicious propensity.

The declaration was in three counts, the first of which contained no allegation with reference to the vicious propensity of the dog but the second and third counts do contain such allegations. As a common-law declaration, allegations of the kind contended for were essential but they were not necessary in this case since Section 7044, Compiled General Laws of 1927, provides that owners of dogs shall be liable for any damages done by them to domestic animals or per-

sons. Defendant was on knowledge of this statute and was responsible for any damage done by his dog to the plaintiff. Keeybolts v. Buffon, 89 Ohio St. 61, 105 N. E. 192.

Even if an allegation of the kind contended for was necessary, the declaration in question is not fatally defective because two of the counts contain such allegations and there is no indication as to which count the jury based its verdict on. McNeil v. Webeking, 66 Fla. 407, 63 So. 728. The second and third counts were ample to meet this objection.

It is next contended that the trial court erred in his order striking defendant's third plea to the declaration.

This plea has been examined and found to contain no defense that could not have been offered under the plea of not guilty so the decree striking it was free from error. Shelfer v. American Agricultural Chemical Co., 113 Fla. 108, 152 So. 613.

It is also contended that a judgment of $1,500 was excessive in view of the damages shown.

The record discloses that defendant's bulldog ran out on the street as plaintiff was passing defendant's place and after making several attempts to bite him, caught plaintiff by the ring finger on the left hand and tore the flesh from the bone about two-thirds of its length, that this part of his finger had to be amputated, leaving the joint enlarged and the finger stiff. It is shown that defendant suffered great mental and physical pain, that he had a hospital and doctor bill to pay and that his injury was permanent and still gave him pain. It is also shown that he was ticket agent for the New York Central Railroad at Toledo, Ohio, and that his injury was an impediment to him in performing his duties of his employment. A very able trial judge considered this question and refused to reduce the judgment. We find nothing in the record to warrant a reversal.

Other assignments have been considered but we find no reversible error.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.