96 So.2d 227 (1957)
Lewis A. VANDERCAR, Appellant,
v.
Evelyn DAVID, Appellee.
No. 57-21.
District Court of Appeal of Florida, Third District.
July 22, 1957.
*228 Hill, Welsh, Cornell & Ross, Miami, for appellant.
Britton, Hodges & Hyman, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
Appellant was the defendant in an action in the Circuit Court in which the appellee, as plaintiff, obtained a verdict and judgment for $3,000 for injuries resulting from a fall alleged to have been caused by a dog owned by the appellant. In this opinion the parties will be referred to from time to time as they appeared in the lower court.
The defendant admitted owning the dog, and in defense pleaded contributory negligence and assumption of risk, the latter being stated in the answer as follows: "That at the time and place and under the conditions alleged, the plaintiff by her own acts or actions in playing with or exciting the said dog, assumed the risk of the result reasonably attributable thereto." Those affirmative defenses were eliminated by an order granting a motion to strike them.
The case went to the jury on the issue of whether the defendant's dog caused the plaintiff's fall. The evidence on that issue included some facts of a kind which could have been relied on to establish assumption of risk by the plaintiff, through inciting and provoking or inducing the dog's playful conduct which caused her to fall.
The question here, then, is whether the defenses of contributory negligence or assumption of risk are available to a dog owner who is sued for injury to a person caused by his dog, other than by biting.
The first statute imposing liability on a dog owner read:
"Owners of dogs shall be held liable for damages to persons and stock killed or injured by their dogs." Rev.St. 1892, Sec. 2341.
The language was changed, as shown by Section 3142, Gen.St. 1906, and still appears, as Section 767.01, F.S.A., as follows:
"Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons."
In 1949 the legislature enacted Chapter 25109, Laws of Florida, now Section 767.04, F.S.A., as follows:
"767.04 Liability of owners

"The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; Provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a *229 prominent place on his premises a sign easily readable including the words `Bad Dog.'"
This 1949 act was considered by the Supreme Court, and construed with relation to the earlier act, in the case of Romfh v. Berman, Fla. 1951, 56 So.2d 127, 128, where the Court said:
"The title to Chapter 25109 is `An Act to Provide for the Recovery of Damages by Persons Bitten by Dogs and Creating a Liability of the Owners of Such Dogs.' When this title is read with the body of the Act as quoted above, we do not think the conclusion can be escaped that as to injury to persons by dogs Chapter 25109 repealed and superseded Section 767.01, F.S.A., and is now the governing law."
By its express wording the 1949 Act, Section 767.04, F.S.A., is concerned with a dog owner's liability for dog bites, but the instant case involves an injury other than by biting.
Appellant points to the language we have quoted above from Romfh v. Berman, supra, and contends it holds that the 1949 act, expressly allowing defenses, is applicable in the case of an injury of this kind, as well as in a dog bite injury.
Appellee argues that the 1949 act applies only to dog bite damage; that the Romfh case dealt with a dog bite injury and that the Supreme Court's ruling above quoted should be considered as holding that it repeals Section 767.01 only as to dog bite damage, leaving Section 767.01 in effect for other injury by dogs; and that under Section 767.01 the liability imposed is absolute and precludes the use of the defenses of contributory negligence or assumption of risk.
We are not required to pass upon the conflicting contentions of the parties as to whether or not the 1949 act has superseded the earlier act for injuries by dogs other than by biting, because even under the latter, Section 767.01, the defense of assumption of risk can be raised.
Section 767.01 eliminated scienter as a necessary element for liability. Ferguson v. Gangwer, 140 Fla. 704, 192 So. 196; Romfh v. Berman, supra. But the fact that liability is imposed by statute, and not based on negligence, does not require rejection of an offered defense that the injured party incited and encouraged the dog's action which caused injury.
The rule established by the authorities is that while liability of an owner of a dog is based on an obligation as insurer rather than on negligence, and contributory negligence as such is not a defense, nevertheless, if an injured party unnecessarily and voluntarily puts himself in the way to be hurt, knowing the probable consequences, he may be deemed to have assumed the risk and to have induced his injury.
In Wojewoda v. Rybarczyk, 246 Mich. 641, 225 N.W. 555, speaking of a statute imposing liability on dog owners for injuries by their dogs, the Michigan Court said:
"This statute eliminates the necessity which existed at common law of averring and proving that the dog had vicious propensities * * *, and the owner's knowledge thereof. * * *
"The basis of liability is not negligence in the manner of keeping and confining the animal but in keeping him at all. The owner is liable under this statute, even though the dog is taken out of his inclosure [sic] by his servants in disobedience of his orders. * * *
"It is, however, a defense if the injured party voluntarily brought on the injury himself, with the full knowledge of its probable consequences."
Smythe v. Schacht, 93 Cal. App.2d 315, 209 P.2d 114, 117, involved a statute which imposed liability on the dog owner without *230 expressly authorizing any defense, and which was worded as follows:
"The owner of any dog which shall bite any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness. * * *"
Under the particular facts of that case it was held that the defense of assumption of risk was not established, but the Court recognized the right to assert the defense, and said:
"* * * We entertain no doubt that in adopting the statute here in question the legislature did not intend to make the liability of the owner absolute and render inoperative certain principles of law such as assumption of risk or wilfully inviting injury, which over a long period of time have been established in our system of jurisprudence. While the Dog Bite Statute does not found the liability on negligence, good morals and sound reasoning dictate that if a person lawfully upon the portion of another's property where the biting occurred should kick, tease, or otherwise provoke the dog, the law should and would recognize the defense that the injured person by his conduct invited injury and therefore, assumed the risk thereof.
"In Vol. 3, Corpus Juris Secundum, Animals, § 150, page 1254, it is said: `Contributory negligence will defeat recovery in an action for injuries caused by a domestic animal where negligence is the gist of the action; but, where it is not, more than ordinary contributory negligence is necessary to relieve the defendant from liability.'
"And on page 1255 of 3 C.J.S., § 150, we find the following: `It must be established that the injury is attributable not to the keeping of the animal but to the injured party's voluntary act in putting himself in a way to be hurt, knowing the probable consequences thereof so that he may fairly be deemed to have brought the injury on himself; but if this is shown recovery will be defeated.'"
This principle that a person can not make his own negligent or wrongful act the ground for recovering damages from another has received general recognition and application in cases of this kind. Woolf v. Chalker, 31 Conn. 121, 81 Am. Dec. 175; Kelley v. Killourey, 81 Conn. 320, 70 A. 1031; Muller v. McKesson, 73 N.Y. 195, 29 Am.Rep. 123; Sandy v. Bushey, 124 Me. 320, 128 A. 513; Peck v. Williams, 24 R.I. 583, 54 A. 381, 61 L.R.A. 351; Schraeder v. Koopman, 190 Wis. 459, 209 N.W. 714; Hughey v. Fergus County, 98 Mont. 98, 37 P.2d 1035; Gagnon v. Frank, 83 N.H. 122, 139 A. 373; Colby v. Lee, 83 N.H. 303, 142 A. 115, 688; Sawyer v. Lund, 231 Iowa 1393, 4 N.W.2d 408; Terpstra v. Schinkel, 235 Iowa 547, 17 N.W.2d 106; Grummel v. Decker, 294 Mich. 71, 292 N.W. 562; Heidemann v. Wheaton, 72 S.D. 375, 34 N.W.2d 492. Cf. City Ice Delivery Co. v. Goode, 228 Ala. 648, 154 So. 775. See 3 University of Florida Law Review, 98, "Torts: Dog Owner's Liability in Florida" (1950) at pp. 100-101 and 104-105.
Ohio cases are to the contrary. Siegfried v. Everhart, 55 Ohio App. 351, 9 N.E.2d 891; McIntosh v. Doddy, 81 Ohio App. 351, 77 N.E.2d 260; and Hill v. Skinner, 81 Ohio App. 375, 79 N.E.2d 787. But that exception detracts little from the influence of the otherwise general acceptance of this rule.
Accordingly, the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.
HORTON and PEARSON, JJ., concur.