173 So.2d 463 (1964)
Florence JOSEPHSON, Appellant,
v.
Nelan SWEET, Appellee.
No. 63-822.
District Court of Appeal of Florida. Third District.
September 9, 1964.
*464 Harvey P. Albert, Kenneth L. Ryskamp, Miami, for appellant.
Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by plaintiff from a summary final judgment granted to defendant. Appellant was injured, but not bitten by appellee's dog. The complaint did not contain an allegation as to appellee's prior knowledge of the vicious propensity of the dog. It is appellant's contention that such an allegation is not necessary. Appellee claims failure to set forth and prove such allegation is fatal to the cause of action. We are called on to resolve the dispute.
In 1881 the legislature adopted § 767.01 Fla. Stat., F.S.A. which provided:
"Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons."
This statute has been interpreted to constitute a dog owner as an insurer for the acts of his dog.[1] As a result, the common law requirement of establishing prior knowledge of the owner of the vicious propensity of the dog was not necessary in order to recover for injury caused by such dog.[2]
Thereafter, in 1949, the legislature adopted § 767.04, which provided, in pertinent part:
"The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness."
The determinative question on appeal, is what effect, if any, did the subsequent legislation (§ 767.04) have on the prior statute (§ 767.01).
*465 The Supreme Court seemed to answer this question by way of dicta[3] in Romfh v. Berman, Fla. 1951, 56 So.2d 127 when Justice Terrell said:
"The title to Chapter 25109 [§ 767.04] is `An Act to Provide for the Recovery of Damages by Persons Bitten by Dogs and Creating a Liability of the Owners of Such Dogs.' When this title is read with the body of the Act as quoted above, we do not think the conclusion can be escaped that as to injury to persons by dogs Chapter 25109 repealed and superseded Section 767.01, F.S.A., and is now the governing law." 56 So.2d at 128.
It is our conclusion that Romfh is distinguishable from the present case, in that, here the plaintiff was not bitten by the dog while in Romfh the injury occurred by bite.
It is obvious from the careful reading of the two sections that § 767.01 was superseded by § 767.04 only in regard to dog bites, because § 767.04 says "bite" not injury. It is inconceivable that the legislature intended bite to be synonymous with injury and as inclusive.
We get further support for our position from the subsequent case of Knight v. Burghduff, Fla. 1958, 102 So.2d 617 where the Supreme Court in a per curiam decision without opinion affirmed a dog bite case, and as a result Justice Drew found it necessary to write a dissent claiming that the trial judge erred in making the following rulings:
"This suit is based on 767.04, Florida Statutes, F.S.A. This section is to be read in connection with 767.01 as both of these Statutes are in effect." 102 So.2d at 618.
By affirming the lower court, the Supreme Court evidently agreed with the above statement by the Circuit Court. We similarly concur in the trial court's interpretation as stated above.
In our case, the trial court erred in requiring the plaintiff to allege prior knowledge by the owner of the vicious propensity of the dog by its owner, in the complaint. This result obtains because this case is controlled by § 767.01 in that it is a dog injury case not a dog bite case, thus, the rule existing prior to § 767.04 applies, to-wit, the owner is responsible for the acts of his dog regardless of any prior knowledge of vicious propensity.
Accordingly, the judgment appealed is reversed and remanded for proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] Vanderear v. David, Fla.App. 1957, 96 So.2d 227, 66 A.L.R.2d 912.
[2] Ferguson v. Gangwer. 140 Fla. 704, 192 So. 196.
[3] See, Myers v. Atlantic Coast Line Railroad Company, Fla. 1959, 112 So.2d 263; State v. Florida State Improvement Commission, Fla. 1952, 60 So.2d 747; Hart v. Stribling, 25 Fla. 435, 6 So. 455.