175 So.2d 808 (1965)
Neil Lane KNAPP, Appellant,
v.
Lygia L. BALL, a widow, Appellee.
No. 64-946.
District Court of Appeal of Florida. Third District.
June 8, 1965.
Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for appellant.
Nichols, Gaither, Beckham, Colson & Spence, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
CARROLL, Judge.
Plaintiff sought damages from a dog owner for injury (other than by biting) occasioned to her by defendant's dog. Liability in favor of the plaintiff was determined by a partial summary judgment. A jury awarded $10,500 damages to the plaintiff.
*809 The defendant appealed and contends the court was in error in granting summary judgment for the plaintiff on liability because of plaintiff's failure to allege and prove scienter, and because there were triable issues of contributory negligence and assumption of risk. We hold those contentions to be without merit, and affirm.
The trial judge was eminently correct in ruling that the defendant was responsible for the injury which her dog inflicted on plaintiff, without the need to show scienter. Section 767.01, Fla. Stat., F.S.A. provides: "Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons." See Sweet v. Josephson, Fla. 1965, 173 So.2d 444; Josephson v. Sweet, Fla.App. 1964, 173 So.2d 463; Vandercar v. David, Fla.App. 1957, 96 So.2d 227, 66 A.L.R.2d 912; Ferguson v. Gangwer, 140 Fla. 704, 192 So. 196.
Liability of the owner of a dog for such injuries under § 767.01 is based on an obligation as an insurer rather than on negligence, and contributory negligence as such is not a defense. See Vandercar v. David, supra, wherein this court said:
"* * * But the fact that liability is imposed by statute [767.01], and not based on negligence, does not require rejection of an offered defense that the injured party incited and encouraged the dog's action which caused injury.
"The rule established by the authorities is that while liability of an owner of a dog is based on an obligation as insurer rather than on negligence, and contributory negligence as such is not a defense, nevertheless, if an injured party unnecessarily and voluntarily puts himself in the way to be hurt, knowing the probable consequences, he may be deemed to have assumed the risk and to have induced his injury."
Appellant's contention that there was a triable issue as to assumption of risk is without support in the record, and the trial judge was correct in concluding against the presence of such issue.
The appellant and the appellee are sisters. At the time of this incident the appellee was a social guest temporarily residing in her sister's home. As pointed out in Vandercar v. David, supra, the defense of contributory negligence was not available in this action on a liability imposed by statute and not based on negligence. And the facts of the case were insufficient upon which to invoke a defense of assumption of risk. It was not shown that appellee did anything to incite or encourage the dog's actions which resulted in her injury. Her mere presence in the house as a guest did not amount to an assumption of risk of injury by the owner's dog, and the dog's prior actions were not shown to be such as to reasonably lead appellee to believe her continued presence would probably lead to her injury from that source.
Affirmed.