277 So.2d 807 (1973)
R.E. RUTLAND, Jr., Appellant,
v.
Evah E. BIEL, Appellee.
No. 72-578.
District Court of Appeal of Florida, Second District.
May 11, 1973.
*808 Donald V. Bulleit of Fowler, White, Gillen, Humkey, Kinney & Boggs, St. Petersburg, for appellant.
Leon Whitehurst, Jr., Clearwater, for appellee.
PIERCE, Judge (Ret.)
This is an interlocutory appeal from a partial summary judgment as to liability in favor of appellee Biel against one of the defendants, Rutland.
Biel filed suit against appellant Rutland and Skycrest Methodist Church, Inc. for damages as a result of injuries she received while attending a church function in Pastor Rutland's home. After motions, answers, affirmative defenses, interrogatories and depositions had been filed, the lower Court granted Biel's motion for summary judgment as to liability against Rutland.
Biel, a 76 year old woman, attended a church function in the home of appellant Rutland, Minister of the church. While viewing an aquarium in the living room with other guests, she heard a dog yelp. She looked down, just a little to her side and back of her and saw the dog. She took a step backward, tripped over the dog, and fell flat on her back.
F.S. Section 767.01 F.S.A. provides:
"Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons."
While liability of the dog owner imposed by F.S. § 767.01 F.S.A. has been held to be an absolute liability as an insurer, Reid v. Nelson, 5th Cir.1956, 154 F.2d 724; Knapp v. Ball, Fla.App. 1965, 175 So.2d 808; Brandeis v. Felcher, Fla.App. 1968, 211 So.2d 606, assumption of risk and proximate causation are permissible as defenses; Vandercar v. David, Fla.App. 1957, 96 So.2d 227; Knapp v. Ball, supra; Brandeis v. Felcher, supra; English v. Seachord, Fla.App. 1971, 243 So.2d 193.
Biel contends that there can be no assumption of risk without knowledge of risk, and since she had no knowledge of the presence of the dog in the living room before the accident, the lower court was correct in holding that there was no genuine issue as to any material fact concerning the issue of liability. However, Biel admitted that she must have been stepping on the dog or on his hair, causing him to yelp. She looked down "just a little bit to my side, back of me ... and saw *809 him." When she saw him she took a step backward and tripped over the dog. So it is clear that she saw the dog behind her before she took the step backward.
Under the circumstances we believe that there was a genuine issue as to a material fact, and that the lower court erred in entering the partial summary judgment as to liability.
Appellant next contends, and we so hold, that F.S. § 767.01 F.S.A. is not applicable to a situation where the dog takes no affirmative or aggressive action toward the injured party. In all the cases we have reviewed under this statute, the dog has acted aggressively.
Reversed and remanded for further proceedings consistent herewith.
HOBSON, Acting C.J., and McNULTY, J., concur.