356 So.2d 904 (1978)
Jennifer FLICK, by Her Mother and Next Friend, Eva Flick, Appellant,
v.
Pat MALINO and Reserve Insurance Company, a Corporation Authorized to Do Business in the State of Florida, Appellees.
No. GG-466.
District Court of Appeal of Florida, First District.
March 23, 1978.
Charles K. Ruse, Jr. of Shook & Ruse, and George Stelogeannis, Ocala, for appellant.
John S. Winnie of Winnie & Winnie, P.A., Gainesville, for appellees.

SUBSTITUTED OPINION ON REHEARING
SMITH, Acting Chief Judge.
By her mother and next friend, appellant Jennifer Flick, a three-year-old child, sued *905 appellee Ms. Malino for a dog bite Jennifer suffered on the home property owned by the entireties by Ms. Malino and her husband, since deceased. Ms. Malino's motion for summary judgment established that her husband was sole owner of the dog that bit Jennifer and that two clearly readable "bad dog" signs were posted on the fence surrounding the property. The trial court found that the "bad dog" signs complied with Section 767.04, Florida Statutes (1975), and that Jennifer's mother had actual knowledge of the signs and of the dog's propensities before the accident occurred. The court therefore concluded that Ms. Malino was entitled to immunity from liability under Section 767.04, which provides in relevant part:
The owners of any dog which shall bite any person, while such person is ... lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act... when he is on such property upon invitation, expressed or implied, of the owner thereof; Provided, however, no owner of any dog shall be liable for any damages to any person ... if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog."
When Section 767.04 was enacted in 1949, it imposed liability on dogowners for their dogs' bites where the common law did not  where there was no proof of prior knowledge of the dog's propensity to bite. Romfh v. Berman, 56 So.2d 127 (Fla. 1951). In expanding that liability, however, the legislature also created a coextensive immunity for the dogowner who prominently placed an easily readable "bad dog" sign on his property where the dog was kept. Thus, appellee Ms. Malino suggests here that her husband, if sued for Jennifer's dog bite, would have enjoyed the immunity afforded by Section 767.04; and she urges that her own liability cannot logically be greater than that of the dogowner himself.
Ms. Malino's argument is an appealing one. Of course, we need not here decide whether the statute would protect Mr. Malino from liability to three-year-old Jennifer because he posted "easily readable" signs which she could not read, see Carroll v. Moxley, 241 So.2d 681, 683 (Fla. 1970).[1] But we do find it troubling to contemplate that Mr. Malino, owner of a "bad dog," may be exonerated, while his wife, whose exposure derives wholly from her ownership of home property by the entireties with her husband, is not. Nevertheless, the liability and the exemption created by the statute pertain only to dogowners, and Ms. Malino is neither liable under nor exonerated by the statute. Carroll v. Moxley held that the statute displaces common law concepts of liability for dogbites, but the Court emphasized that the statute displaces the common law only for dogowners, and only to the extent that the statute applies. Here, the record before the trial court on the motion for summary judgment did not establish that Jennifer came to the Malino home property without an express or implied invitation. See Wood v. Camp, 284 So.2d 691 (Fla. 1973). Therefore Ms. Malino remains potentially liable for any failure to use reasonable care to protect her from a dog known to be dangerous on the land. Christie v. Anchorage Yacht Haven, Inc., 287 So.2d 359 (Fla. 4th DCA 1973).
Ms. Malino's potential liability for Jennifer's injury, in this action brought by Jennifer, is unaffected by any contributing negligence by Jennifer's mother. Burdine's Inc. v. McConnell, 146 Fla. 512, 1 So.2d 462 (1941); Jacksonville Elec. Co. v. Adams, 50 *906 Fla. 429, 39 So. 183 (1905). There is a jury issue whether the posting of "bad dog" signs was all that was reasonably required of Ms. Malino to protect young children who occasionally came to visit. Reasonable protection for the safety of an adult, who can read and understand a warning sign, is not necessarily protection of expected children. That determination is for the jury.
The apparent anomaly of exonerating the dogowner but exposing his spouse to liability as a landowner results from developments in the common law which have outpaced the modest purpose of the 1949 statute. Statutes purporting to fix and clarify the liability of dogowners seem to be anomalous as a class. Mapoles v. Mapoles, 350 So.2d 1137 (Fla. 1st DCA 1977). The solution rests with the legislature, not with the courts.
REVERSED.
ERVIN and BOOTH, JJ., concur.
NOTES
[1] "[B]efore a dog owner will be relieved of liability, the attempt to give notice that a bad dog is on the premises must be genuine, effective and bona fide. In every case the factual determination must be made whether the `Bad Dog' sign as posted is in a prominent place and easily readable, so as to give actual notice of the risk of bite to the victim" (emphasis added).