BARKDULL, Judge.
The appellee, as plaintiff in the trial court, brought an action against the appellant-defendant, seeking recovery for injuries occasioned when he was on the appellant’s premises as a business invitee and was bitten by a dog.
The case was tried non-jury. The trial judge found for the plaintiff, found that the defendant was the owner of the dog, and that the defendant had posted signs in accordance with Florida Statutes. We reverse.
The trial court having found that the signs were posted in accordance with the Statutes, and in fact the record indicates that there were numerous signs on the premises, we find that no liability should have been imposed against the defendant in the trial court because of the provisions of Section 767.04, Florida Statutes (1979), which reads in part as follows:

“. . . nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words ‘Bad Dog’.”
Also see: Romfh v. Berman, 56 So.2d 127 (Fla.1951); Carroll v. Moxley, 241 So.2d 681 (Fla.1970); Flick v. Malino, 356 So.2d 904 (Fla.1st DCA 1978); Rattet v. Dual Security Systems, Inc., 373 So.2d 948 (Fla.3d DCA 1979).
Therefore, the final judgment here under review be and the same is hereby reversed.
Reversed.