FERGUSON, Judge.
Appellant Stickney commenced this action seeking to recover damages for injuries suffered when he was bitten by Belcher’s dog. The complaint stated both statutory and common law causes of action. This appeal is taken from a Final Judgment entered on defendant’s Motion for Directed Verdict which was granted at the conclusion of all the evidence in a jury trial.
The questions presented by this appeal are (1) whether by posting a “Beware of Dog” sign an owner of a dog is immune from statutory liability where the dog bites a person lawfully on the owner’s property, (2) whether Section 767.04, Florida Statutes (1979)[1] superseded the common law[2] and now provides the exclusive remedy for a dog bite plaintiff.
Appellee Belcher operated a marina where yachts were sold, serviced, docked and stored. The place of business, enclosed by a chain link fence with a rear and front gate, was open seven days a week. Customers coming to the business on Sundays were instructed to use the rear gate near a guardhouse. For years Belcher had kept one or more watchdogs about the premises under control of round-the-clock security guards. The dog involved in this incident was allegedly trained as an attack dog and *964 had been acquired by Belcher some thirty to sixty days earlier. The security guard on duty, appellee-Herner, had been given no instructions or training in the handling of the dog. There was prominently posted on the property a “BEWARE OF DOG” sign.
In the early morning of August 10, 1980, Stickney and some companions went to the Belcher premises to take Stickney’s boat out for a fishing trip. He drove his ear through the rear gate past the guardhouse and past the security guard, Herner. After boarding the boat Stickney discovered the keys were missing; he walked over to the guardhouse to see if they had been left with the guard, as was customary. As he approached the guardhouse, the dog started to growl. Herner came out of the guardhouse, grabbed the dog by the collar and spanked him on the rear; the dog responded by sitting quietly. As Stickney spoke with Herner the dog suddenly sprang from behind Herner and attacked Stickney, biting him in the crotch causing severe testicle injuries.
Stickney put on evidence tending to show that he was a business invitee who had been on the premises regularly over a period of time; that he was without sufficient knowledge that the dog, relatively new to the premises, was trained to attack; that the dog was on a concealed leash of unreasonable length; that the guard should have, but failed to restrain the dog; that all of the circumstances presented a danger hidden from him.
The first issue — whether an owner is shielded from statutory liability where his dog bites a person lawfully on his property because the owner has erected a prominent “Beware of Dogs” sign — is settled by a number of cases, first of which is Romfh v. Berman, 56 So.2d 127 (Fla.1951). In Romfh, as here, there was proof that the defendant had displayed an easily readable sign in a prominent place bearing the words “Beware of Dogs”; that before entering the premises the plaintiff saw and understood the signs; that the plaintiff had done nothing to provoke or aggravate the dog; and that the dog attacked and bit him. On those facts, the court held:
Since Section 767.04 is the applicable law and it is admitted that the plaintiff was lawfully on defendant’s premises, and that he did not provoke the dogs, it would seem that the question here reduces itself to that of whether or not the sign with the words “Beware of Dogs” met the requirement of the statute that the sign bear the words “Bad Dog”. The sole purpose of the legend was to put one entering the premises on notice that there were dangerous dogs on the place and it would seem that the legend “Beware of the Dogs” would serve that purpose as well or better than the legend, “Bad Dog”.
The later case of Carroll v. Moxley, 241 So.2d 681 (Fla.1970), reiterated the basic holding of Romfh but added a qualification:
In every case, the factual determination must be made whether the “Bad Dog” sign as posted is in a prominent place and easily readable, so as to give actual notice of the risk of bite to the victim.
But on this point, the trial court correctly determined that there was no issue of fact. Appellant admitted that he had seen and understood the sign, thus, a directed verdict on the statutory claim was appropriate. See Rattet v. Dual Security Systems, Inc., 373 So.2d 948 (Fla. 3d DCA 1979). Compare Flick v. Malino, 356 So.2d 904 (Fla. 1st DCA 1978) (protection for the safety of an adult, who can read and understand a warning sign, is not necessarily protection of an unexpected three-year old child).
The question presented by the second issue is not so well-settled although two supreme court cases hold that Section 767.04, Florida Statutes, superseded the common law in those situations covered by the statute.[3] Donner v. Arkwright-Boston Manu *965 facturing Mutual Insurance Co., 358 So.2d 21 (Fla.1978); Carroll v. Moxley, 241 So.2d at 682.
Carroll v. Moxley is the first Florida Supreme Court case to hold that the common law on dogbites was superseded by section 767.04, relying on Romfh v. Berman, Vandercar v. David, 96 So.2d 227 (Fla. 3d DCA 1957) and Knapp v. Ball, 175 So.2d 808 (Fla. 3d DCA 1965). Donner v. Arkwright-Boston Manufacturers Mutual acknowledged the holding in Carroll, then addressed the issue presented in that case, i.e., whether the common law defenses such as assumption of risk were superseded by those defenses specifically enunciated in the statute.
The issue in Romfh was only whether in an action brought pursuant to section 767.-04, a dog owner was liable to a bite victim lawfully on his property where the owner had a sign conspicuously posted which read “Beware of Dogs” rather than “Bad Dogs”. A contention made in Romfh, was that the bad dog sign proviso was in derogation of the common law and should be strictly construed. The court disposed of the contention in a single sentence: “the statute in terms relieves the owner when the posted sign bears the legend ‘Beware of Dogs’, so there is no reason for construction.” In a separate discussion, later recognized as mere obiter dictum, the Romfh court held that section 767.04 (dog bite statute) superseded section 767.01 (applicable statute where dog causes damage by other than bite). One of the cases relied upon by Romfh for the proposition that the statute relieved a plaintiff of a burden to prove scienter is Ferguson v. Gangwer, 140 Fla. 704, 192 So. 196 (1939).
Ferguson is particularly significant for two reasons (1) it was authored by Chief Justice Terrell who also authored Romfh v. Berman, (2) it expressly recognized the simultaneous existence of both a statutory and common law cause of action for a dog bite plaintiff. In Ferguson, suit was filed as a three-count common law action, the first count of which contained no allegation of scienter (owner’s knowledge of the dog’s vicious propensity), as was required under common law pleadings. It was held, with respect to the first count, that “allegations of scienter were unnecessary since Section 7044, Compiled General Laws of 1927 (predecessor to § 767.04) provides that owners of dogs shall be liable for any damages done by them to ... persons.” It was held, alternatively, that even if an allegation of scienter was necessary (the action being one at common law), the second and third counts were ample. The court relied upon an Ohio case, Kleybolte v. Buffon, 89 Ohio St. 61, 105 N.E. 192 (1913), which recognized, inter alia, that a dog bite victim may elect to sue either at common law or pursuant to the statute.
In Vandercar v. David, 96 So.2d 227 (Fla. 3d DCA 1957), the question before the court was whether the defenses of contributory negligence and assumption of risk were available in a statutory action where a dog causes injury by other than a bite. The Vandercar court held, without addressing the question whether section 767.04 supersedes sectiop 767.01, the fact that liability is imposed by statute does not require rejection of a contributory negligence or assumption of the risk defense.
This court observed in Josephson v. Sweet, 173 So.2d 463 (Fla. 3d DCA 1964) that the Romfh court unnecessarily held that section 767.04 superseded section 767.-01. Later, the supreme court agreed and expressly receded from the Romfh obiter dictum; it held that section 767.04 supersedes section 767.01 only where the dog-caused injury is the result of a bite. Sweet v. Josephson, 173 So.2d 444 (Fla.1965).
Again in Knapp v. Ball, 175 So.2d 808 (Fla. 3d DCA 1965), the question before this court was whether there were triable issues as to assumption of risk and contributory negligence in an action brought pursuant to section 767.01 for a non-bite, dog-caused injury. Consistent with Vandercar v. David, the court held “the fact that liability is imposed by statute does not require rejection of the [defenses],” but affirmed a summary judgment for the plaintiffs because there were insufficient facts upon which to invoke a defense of assumption of risk.
*966 Returning for the moment to Carroll v. Moxley, it is clear that reliance upon the above cases — for the proposition that the dog bite statute superseded the common law — is misplaced. In fact, the supreme court did not address the question, even indirectly, in any of the cases relied upon by the Carroll court for that holding. The only case which had reached the question, though obliquely, is Ferguson v. Gangwer, which, notably, was not mentioned in the Carroll opinion.
Placing Ferguson and Carroll aside for the moment, there are other compelling reasons for us to construe the statute as an alternative to, rather than an abrogation of, the common law. First, there was no clear expression by the legislature to supersede the common law. Second, the statute is not facially repugnant to the common law. Third, the statute and common law can easily coexist. Fourth, a coexistence of both remedies harmonizes the law of dog bite with the legal duty of a landowner with respect to visitors upon his lands. Finally, “repeals by implication are not favored; ... in order for a court to declare that [a] statute impliedly overrules another [law], it must appear that there is positive repugnancy between the two, or that the last was clearly intended to . prescribe the only rule.... ” Sweet v. Josephson, citing State v. Sarasota County, Fla., 74 So.2d 542 (Fla.1954); Tamiami Trial Tours, Inc. v. City of Tampa, 159 Fla. 287, 31 So.2d 468 (1947); Beasley v. Coleman, 136 Fla. 393, 180 So. 625 (1938).
Florida’s dog bite statute, if considered an exclusive remedy, would vitiate, needlessly, the distinction between the degree of care owed by a landowner to a visitor on the land who is an invitee and one who is a trespasser, where the danger on the premises happens to be a dog. See Wood v. Camp, 284 So.2d 691 (Fla.1973); Post v. Lunney, 261 So.2d 146 (Fla.1972). The conclusion we would be forced to reach in this case is that an owner may post signs inviting the public onto his lands to do business, and where an accepting member of the public comes onto the land and is mauled by a large attack dog, the owner will not be liable becaúse he has posted another smaller but conspicuous sign which reads “Beware of Dog”. That hair-raising result in all likelihood would not obtain if the Post v. Lunney rule be applied: where visitor is an invitee, the owner must “keep his property reasonably safe and (affirmatively) protect the visitor from dangers of which he is, or should be aware.” 261 So.2d at 147.
Many states have enacted statutes pertaining to dogs, some of which, like the Florida statute, explicitly negative the necessity of proving viciousness and scienter in order to recover damages. We have found no other statute which has the “Bad Dog” sign proviso, but even so, the other statutes have been interpreted not to abrogate a common law action, but instead to create an alternative right of action. Veal v. Spencer, 53 Mich.App. 560, 220 N.W.2d 158 (1974) (dog bite statute did not repeal common law action); Reaves v. Eckles, 77 Ill.App.2d 408, 222 N.E.2d 530 (1966) (legislature is presumed to have known of the common law action and had they intended to repeal such action it would have done so explicitly); Gretkowski v. Coppola, 26 Conn.Sup. 294, 222 A.2d 41 (1966) (a person injured by dog attack can elect to pursue cause of action under either common law or dog injury statute); Warner v. Wolfe, 176 Ohio St. 389, 199 N.E.2d 860 (1964) (the right to maintain an action at common law for dog bite has not been abrogated by statute and a suit may be maintained either under the statute or at common law).
The cases relied upon for the proposition that the statute superseded the common law as to those cases,covered by the statute are cited in Carroll v. Moxley with the introductory signal “see”, which, concededly, means that the proposition is not stated by the cited authorities but merely follows from them. A Uniform System of Citation, (13th ed. 1981).[4] (That the propo *967 sition even follows from the cited cases has already been disputed.) Further, there are no instructive pronouncements by the supreme court as to what, factually, constitutes “cases covered by the statute.” More importantly, and contributing to the uncertainty created by Carroll v. Moxley, there is Ferguson v. Gangwer, never expressly overruled, which clearly recognizes that the statute provides an alternative, not an exclusive remedy, for a dog bite victim.[5]
We therefore proceed to answer the second question presented, free of clear precedential constraints,[6] and hold that an economic invitee who is bitten by a dog while on the business premises has a common law cause of action against the business establishment which owns the dog — a conclusion which is manifestly more just.
Reversed and remanded for a new trial.
We certify the following question to the Supreme Court of the State of Florida as one of great public importance:
WHETHER SECTION 767.04, FLORIDA STATUTES (1979) SUPERSEDED THE COMMON LAW AND NOW PROVIDES THE EXCLUSIVE REMEDY IN A DOG BITE ACTION BROUGHT BY AN ECONOMIC INVITEE AGAINST A BUSINESS ESTABLISHMENT WHICH OWNS THE DOG.

. § 767.04, Fla.Stat. (1979) provides in pertinent part:
LIABILITY OF OWNERS. — The owners of any dog which shall bite any person, while such person is on a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners’ knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on ... such property upon invitation, expressed or implied, of the owner thereof; provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke ... the dog ... nor shall any such owner be so hable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog”, [e.s.]

. The rule of the common law generally is that one who keeps a domestic animal which he has reason to know has vicious propensities abnormal to its class is liable for the harm the animal causes to others. Zarek v. Fredericks, 138 F.2d 689 (3d Cir.1943).

. What is a situation covered by the statute is not clear. We do know that situations not covered by section 767.04 are (1) where the landowner is not the dog owner, e.g., Flick v. Malino, (2) where the dog-caused injury results from other than a bite, e.g., Vandercar v. David, 96 So.2d 227 (Fla. 3d DCA 1957).

. A case is only authority for what it actually decides, and what may seem to flow logically from it is not binding precedent. R. Aldisert, *967 The Judicial Process, 787 (1976), citing Quinn v. Leathem [1901] A.C. 495, 506.

. The statute which was considered in Ferguson v. Gangwer, supra, did not have the bad dog sign proviso. We have considered whether the present statute, in light of the proviso, is repugnant to the common law because the sign, which shields the dog owner in a statutory action, would, in a common law action, be proof of scienter and, therefore, the victim’s sword. We think the mere posting of a sign warning of dogs, without more, does not conclusively establish that the owner has reason to believe that his animal has vicious propensities abnormal to one of its class. And even if scienter be established, liability, total or partial, does not automatically flow.

. We have found two cases in this district where the court was called upon to interpret section 767.04, neither of which conflicts with the conclusion reached herein. In Fusinski v. Robertson, 391 So.2d 771 (Fla. 3d DCA 1979), the action was treated as a statutory claim. In Rattet v. Dual Security Systems, Inc., 373 So.2d 948, supra, the court did not decide whether appellant could proceed on a negligence claim because the issue was not properly preserved for review.